THE TRUSTEES OF THE STEVENS INSTITUTE OF TECHNOLOGY, PROSECUTOR, v. RICHARD BOWES, COLLECTOR OF TAXES OF THE CITY OF HOBOKEN, AND THE MAYOR AND COUNCIL OF THE CITY OF HOBOKEN.

Argued June 5, 1906—Decided November 12, 1906.

Under the "Act for the assessment and collection of taxes" (*Pamph. L.* 1903, *p.* 394), buildings actually and exclusively used for colleges not conducted for profit, and the land whereon the same are situated necessary to the fair use and enjoyment thereof, not exceeding five acres in extent for each, are exempt from taxation. *Held,* that under this act, from the evidence in the case, the assessment against the prosecutor should be set aside.

---

On *certiorari.*

Before Justices FORT, GARRETSON and REED.

For the prosecutor, *Lewis, Besson & Stevens.*

For the defendant, *James F. Minturn.*

The opinion of the court was delivered by

GARRETSON, J.   This *certiorari* brings up an assessment of taxes made against the prosecutor for the year 1905 by the assessors of taxes of the city of Hoboken.

It appears from the return to the writ that taxes were assessed upon the property of the prosecutor by the description, "Plot 1, Gore 4, 562 Acres."

The prosecutor claims to be exempt from taxation under "An act for the assessment and collection of taxes," approved April 8th, 1903. *Pamph. L., p.* 394. It is provided by section 3: "The following property shall be exempt from taxation under this act, namely, (4) all buildings actually and exclusively used for colleges, schools, academies and seminaries not conducted for profit. Also all buildings actually and exclusively used for public libraries, religious worship or for asylums or schools for feeble-minded or idiotic children and owned by corporations of this state authorized to carry on such charities and the land whereon the same are situated necessary to the fair use and enjoyment thereof, not exceeding five acres in extent for each."

It appears from the testimony in the case that the prosecutor is a college not conducted for profit; that the building on the land assessed is a laboratory of chemistry, containing chemical laboratories, lecture-rooms and recreation-rooms, and the laboratories are used by the students in connection with their courses in chemistry. It is also testified to by the president of Stevens Institute that the tract of land surrounds the laboratory and is necessary for its fair use, and is to be used also for other buildings that are to go up there. There is nothing to contradict this testimony, and in the absence of evidence to the contrary the prosecutor has established its rights to have the property in question exempted from taxation.

The assessment will be set aside.