THE SISTERS OF CHARITY OF ST. ELIZABETH, DEFEND-
ANT IN ERROR, v. FREDERICK A. CORY, COLLECTOR,
&c., OF THE BOROUGH OF FLORHAM PARK, PLAINTIFF
IN ERROR.

THE SISTERS OF CHARITY OF ST. ELIZABETH, DEFEND-
ANT IN ERROR, v. WILLIAM H. THOMPSON, COL-
LECTOR, &c., OF THE TOWNSHIP OF MORRIS, PLAINT-
IFF IN ERROR.

Argued March 19, 1906—Decided January 2, 1907.

1. The clause of paragraph 4, section 3, of the General Tax law of
1903, which declares that "all buildings used exclusively for pur-
poses considered charitable under the common law, with the land
whereon the same are erected, and which may be necessary for the
fair enjoyment thereof" shall be exempt from taxation, contains
within itself a double limitation with relation to the amount of
land to be embraced within its provision—*first*, the exemption
is limited to the identical tract upon which the building is erected,
and *second*, it is limited to so much of that particular tract as is
necessary for the fair enjoyment of the building.

2. When, in a *certiorari* proceeding to decide the validity of a tax
assessed upon the property of a charitable organization, it be-
comes necessary to determine whether the whole of a given tract
of land, upon which a building used exclusively for charitable
purposes has been erected, is necessary for the fair enjoyment of
the building, the matter, being one of fact, must be determined
by the Supreme Court, and cannot, properly, be found by the
Court of Errors and Appeals sitting in review of a judgment of
the Supreme Court.

3. The question whether a given building is entitled to exemption
from taxation, by virtue of the statutory provision referred to, is
one of mixed law and fact. The ascertainment of the particular
purpose for which the building is being used is a finding of fact;
the determination that the ascertained use is, or is not, a chari-
table one, is a conclusion of law. On a *certiorari* proceeding
which involves this question, the particular purpose for which the
building is being used is a matter determinable by the Supreme
Court, and a finding of that fact by the Court of Errors and
Appeals, sitting in review of a judgment of the Supreme Court,
.is not binding upon the lower tribunal.

4. A grant of exemption from taxation, being in derogation of the
sovereign authority and of common right, must *invariably* be
construed most strictly against the grantee, and can *never* be
permitted to extend, either in scope or duration, beyond what the
terms of the concession clearly require.

On error to the Supreme Court. For opinion of that court, see 43 *Vroom* 426.

For the plaintiffs in error, *John M. Mills* and *Charles A. Rathbun.*

For the defendant in error, *Alfred Mills* (with *Edward K. Mills,* upon the brief) and *Robert H. McCarter,* attorney-general.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The taxing authorities of the township of Morris and those of the borough of Florham Park laid an assessment for taxes, in the year 1904, upon the property of the Sisters of Charity of St. Elizabeth, located within their respective municipalities and comprising altogether about three hundred and sixteen acres. The sisters claim that the whole of the property in question, both the land and the buildings thereon, is exempt from taxation by virtue of paragraph 4 of section 3 of the General Tax act of 1903 (*Pamph. L., p.* 395), because, as they say, the buildings are used exclusively for charitable purposes and the lands are necessary for the fair enjoyment of the buildings.

The legislative provision appealed to is that "all buildings used exclusively for purposes considered charitable under the common law, with the land whereon the same are erected, and which may be necessary for the fair enjoyment thereof, *   *   *    shall be exempt from taxation under this act." The Supreme Court held that by force of this provision the whole of the property upon which the assessment was laid was exempt from taxation. They rested their determination, not upon any original investigation, but upon the decision of this court, rendered in 1890, in a suit prosecuted by the same charitable organization against the former township of Chatham for the purpose of testing the validity of a tax then assessed upon their property (*Sisters of Charity* v. *Township of Chatham,* 23 *Vroom* 373), feeling themselves bound by that decision because the property then subject to

taxation was to a large extent the same as that which is involved in the present litigation, and the uses to which it was then put were—as to most of it—the same as those to which it is now subjected.

In our opinion in the earlier case, after reciting the exempting provision of the statute (which remains unchanged except in its phraseology), we proceeded as follows:

"No reason is perceived why this statutory immunity should not appertain to the lands comprehended in this controversy. They and the buildings upon them are devoted solely to charitable uses. They consist of about three hundred acres of land, only two-thirds of which are productive. Upon this tract is a building in which the Sisters of Charity live. Part of such building is devoted to the use of a school. * * * All that the farm produces is applied to the support of the institution. None of the products are ever sold. If anything remains after the necessities of the sisters are supplied, it must be applied, according to their rules, either to extend their establishments for the public good or appropriated to the use of the poor. With respect to the school, some of the scholars are educated gratuitously and the money derived from the tuition of the others is appropriated, as the rules require, to the support of the sisters, who minister to the sick in hospitals, take care of orphanages and otherwise to the relief of the poor and for the extension of their charitable institutions. In the light of this description it does not seem possible to mistake the character of this institution; its entire aim and end is to instruct the poor, to nurse the sick and to support the orphan. It seems plain that if under any conditions buildings and lands can fulfill the statutory requirement of being 'used exclusively for charitable purposes,' the property now in question must be able to do so. It is not necessary, but it is not out of place, to remark that this section of the statute relating to taxation should be construed, not narrowly by its letter, but liberally, and in view of its object and spirit."

The determination of the present cases was considered by the Supreme Court to turn upon the question whether the

property upon which the assessment of 1904 was laid was
still used for purposes identical with, or similar to, those to
which it was devoted at the time of the assessment of the
earlier tax; and having ascertained that the user of the
greater portion of it was identical with that described in the
above excerpt from our opinion, declared it to be exempt
from taxation. Whether they determined the character of
the user of certain parcels which had been acquired by the
sisters since 1890 does not appear, except so far as that de-
termination may be gathered from their adjudication that
the whole of the property on which the assessments have been
laid is exempt. Assuming, however, that there was a com-
plete adjudication as to the character of the user of the whole
property, we are confronted with the question whether that
court was controlled by our decision in the former case. So
far as that decision put a construction upon the statutory
provision it was binding upon the lower tribunal; but so far
as it adjudicated a question of fact, it must be conceded that,
in any aspect, it could have no binding force upon the Su-
preme Court, unless the proofs upon which such adjudication
rested were substantially the same as those in the cases now
under consideration. The proofs in the present cases disclose
that the property for which exemption is claimed was pur-
chased by the sisters at various times, a considerable portion
of it, apparently, having been acquired subsequent to the
erection of the building which is occupied by them, and which
is devoted to the charitable purposes for which their organ-
ization was formed. In the earlier case it would seem, so
far as can be gathered from our opinion, that this fact was
not disclosed by the proofs, or, at least, that it was not brought
to the attention of the court, for the lands are treated as a
unit by the opinion. The pregnancy of the fact is apparent.
The language of the exemption clause, as it stood upon the
statute book in 1890, is that "all buildings used for char-
itable purposes, with the land whereon the same are erected,
and which may be necessary for the fair enjoyment thereof,
shall be exempt," &c. The primary object of the exemption is
the building. Included with it in the exemption is a certain

portion of land. Not *all* the land held in the same ownership and used for the same purposes, but only *the land whereon the building is erected.* These words are plainly words of limitation. No land of a charitable organization other than that upon which its building has been erected is exempted from taxation under this provision of the act. If it acquires a tract of land and erects thereon a building which it devotes to uses exclusively charitable, and afterwards purchases other lands which it devotes to the same uses, such after-acquired property, whether it be adjacent to or located at a distance from the original building, is not within the exemption provision. It is not the land upon which the building is erected. This limitation in the statute is just as clearly expressed, and should be given as much force as that which declares that only so much of the land upon which the building is erected as may be necessary for its fair enjoyment shall escape taxation. The statute creates a double test, to be applied for the purpose of determining whether or not a given parcel of land is entitled to exemption from taxation—*first,* is it the very tract upon which the building was erected, or does it include land acquired at a period subsequent to the erection of the building? *Second,* if it is the tract upon which the building was erected, then is all of it necessary for the fair enjoyment of the building? Lands which do not meet the double test cannot escape taxation. It follows, therefore, that those parcels of land belonging to this charitable organization which have been acquired by it since the erection of its original building, and upon which no buildings have been erected which are exclusively devoted to the purposes of its organization, are not exempted from taxation by virtue of the provision of the General Tax law which has been referred to.

But even if the property upon which the present tax has been imposed had been acquired at one and the same time, our decision that it was necessary for the fair enjoyment of the buildings erected thereon would not have been binding upon the Supreme Court, for that question was not before us for decision, and in determining it we inadvertently over-

stepped the bounds of our jurisdiction. The case came before us on a writ of error directed to the Supreme Court. The only question which was presented to that tribunal for determination was a question of law, namely, whether, by force of the constitutional amendment with relation to the taxation of property, adopted in 1875, the special act of 1869, exempting from taxation all of the property, real and personal, of the Sisters of Charity of St. Elizabeth (*Pamph. L.* 1869, *p.* 413), was abrogated and annulled. The Supreme Court considered that it was, and for this reason affirmed the tax then under consideration. 22 *Vroom* 89. The question whether the property of the sisters was exempt from taxation by virtue of the provision of the General Tax law of the State, and if so, to what extent, was not considered or decided by the Supreme Court, but was first mooted before us on the errors assigned upon the judgment of that tribunal. This court is exclusively a court of review. Its sole function is to pass upon the legality of the decisions of inferior tribunals. The question which it undertook to determine was one of fact, which it was the exclusive province of the Supreme Court to settle. *Moran* v. *Jersey City,* 29 *Vroom* 653; *Morris* v. *Bayonne,* 33 *Id.* 385; *Yellow Pine Lumber Co.* v. *State Board of Assessors,* 43 *Id.* 182. That question had not been submitted to the Supreme Court for its decision. This court, having concluded that by virtue of the cited provision of the General Tax law so much of the lands of the prosecutor as were necessary for the fair enjoyment of the buildings erected upon them were exempted from taxation, should have remitted the case to the Supreme Court for the purpose of having it ascertained by that tribunal what portion of the lands of the prosecutor came within the statutory description. The Supreme Court has never yet passed upon that question. It cannot, by any action on our part, be deprived of its right to do so. The question is still open for its investigation and adjudication, and our decision, having been rendered upon a matter which was not within our jurisdiction, is not controlling upon it, but is only entitled

to such weight, before it, as the learning and ability of the judges who took part in it give to it.

And this was not the only matter which this court assumed to decide in the earlier case that was not properly before it. The solution of the question whether a given building is entitled to exemption by virtue of the provision of the Tax act under consideration involves—*first,* a matter of fact, viz., the ascertainment of the particular purpose for which the building is being used; and *second,* a matter of law, viz., whether the ascertained user is or is not a charitable one. This court undertook an original inquiry into the purpose for which the principal building upon the property was being used, and found the following facts: That a portion of it was being used as a place of residence for the members of the sisterhood, and that the remaining portion was being used as a school; that some of the scholars attending the school were educated gratuitously; that the money derived from the tuition of the others was appropriated to the support of the sisters. Having ascertained the use to which this building was being put they then considered the question of law, whether or not the ascertained use was a charitable one, and determined that it was. The determination of this court that a use such as that which has been described was a charitable one, being the determination of a matter of law involved in the case, was binding upon the Supreme Court; but the determination that the building was being used for the purposes described, being the finding of a matter of fact, which it was the province of the Supreme Court to determine, is not binding upon the lower tribunal for the reason already stated. This court having determined as matter of law that a user of the kind which has been described was a charitable one, should have remitted to the Supreme Court, for its determination, the question whether the use to which the building was being put was in fact of the described character.

It was further declared by this court, in the earlier case, that the other buildings upon the lands in controversy "were

devoted solely to charitable uses." The exact uses to which these buildings, or any of them, were being put was not stated; but what has just been said with relation to the main building is equally applicable to the others. The ascertainment of the purposes for which the various buildings were being used was a matter to be determined by the Supreme Court, and the conclusion of this court that they were devoted solely to charitable uses, being a mixed finding of fact and of law, is not binding upon it—not as to the conclusion of fact, for the reason stated; not as to the conclusion of law, for it fails to describe the use which is declared to be charitable—and so furnishes no rule for the Supreme Court to be applied by it after ascertaining the fact.

As this case must go back to the Supreme Court, to be there dealt with along the lines indicated in this opinion, we deem it advisable to point out an inaccuracy which appears in our earlier decision in the statement, *obiter*, of a principle of the law of taxation, particularly in view of the fact that the same statement is again made (*obiter*) in the later opinion of this court, rendered in the case of *Children's Seashore House* v. *Atlantic City,* 39 *Vroom* 385. The statement referred to appears at the end of the excerpt which has been cited herein, and is that "this section of the statute relating to taxation should be construed, not narrowly by its letter, but liberally, and in view of its object and spirit." The true rule upon this subject is accurately stated in 12 *Am. & Eng. Encycl. L.* (2d ed.) 302, as follows: "A grant of exemption from taxation, being in the nature of a renunciation of sovereignty [or, as some jurists have expressed it, being in derogation of the sovereign authority and of common right], must invariably be construed most strictly against the grantee, and can never be permitted to extend, either in scope or duration, beyond what the terms of the concession clearly require." It has been declared and applied, not only by the United States Supreme Court, but by the courts of almost every state in the union, as will appear by a reference to the foot note in the *American and English Encyclopedia of Law,* which contains a citation of the decisions. We our-

selves had declared this to be the true rule of construction prior to the promulgation of the decision in the Chatham case. *Nevin v. Krollman, Collector,* 9 *Vroom* 574; *State Board* v. *Morris and Essex Railroad Co.,* 20 *Id.* 193; *State Board* v. *Paterson, &c., Railroad Co.,* 21 *Id.* 446. The fact that the property involved in the present litigation is owned by a charitable organization and is devoted to charitable uses, affords no ground for excluding it from the operation of this rule.

The judgment of the Supreme Court must be reversed and the cause remitted to that tribunal for the purpose of having there determined the purposes for which the various buildings upon the property are being used; whether the ascertained use in each instance is a charitable one, under the construction put by this court in our earlier decision upon the exemption clause in the Tax act, so far as that construction will aid in determining the question; and, when a given building is found by it to be used exclusively for charitable purposes, how much of the tract of land upon which it has been erected is necessary for its fair enjoyment.

GREEN, J. (dissenting). It is very probable that I agree with my brethren in their views as to the meaning, abstractly considered, of section 3, subsection 4, of "An act for the assessment and collection of taxes," approved April 8th, 1903. *Pamph. L., pp.* 395, 396. It is even probable that I would agree with them as to the force and effect of this legislation, applied concretely in the present cases, if these were cases of first impression. Nevertheless, I find myself unable to agree with my brethren in voting to reverse the judgment of the Supreme Court. My inability arises from the fact, conceded by the Supreme Court (43 *Vroom* 429), and also in the prevailing opinion, that a reversal cannot be had without overruling *Sisters of Charity* v. *Township of Chatham,* 23 *Id.* 373 (1890), and this I do not think it right to do.

Before passing to the reasons for my vote, I think it necessary to remark that the older case should, in my judgment, be freed from the aspersion cast upon it by the learned justice

who dissented therein—an aspersion repeated in somewhat different form in the opinion now prevailing. The words of the dissenting justice were (23 *Vroom,* at *p.* 378) : "The public ought not to be concluded on a point not raised or put at issue, as to which they were not notified to produce evidence, and which was not raised in the argument." In my view, the issue raised in the older case was, taxable or not. Upon this issue counsel for the charity argued exempt, for statutory reason *a;* counsel for the township argued taxable, for constitutional reason *b;* with the latter the Supreme Court (22 *Id.* 89) agreed, but this court (23 *Id.* 373), reversing the Supreme Court, said exempt, for statutory reason *c.* Everywhere and always the question, taxable or not, was before the mind; only the views respecting it differed. As I have had occasion to say in another place, this court is not so trammeled by rules, and was not in 1890 so trammeled, as to be obliged to decide a question contrary to its opinion of the right merely because it is or was unable to agree in detail with the view of that question espoused by one or the other of contending counsel.

Examining the cases in hand, we find that the facts respecting the property of the prosecutor and the use thereof are the same as in the older case. The Supreme Court, admitting the binding force of the earlier decision, said (43 *Vroom,* at *p.* 429) : "The only question to be decided is, whether the land that has been assessed against the prosecutor is exclusively devoted to the same charitable purposes to which the buildings thereon are devoted, as illustrated by such appellate decision. *Of this, there is in the testimony before us plenary proof.*"

We find, also, that the statute, construed and applied, is the same as in the older case. The Supreme Court said (43 *Vroom,* at *p.* 427) : *"In that case the identical language of the present statute was before the court of last resort."* The opinion now prevailing observes: "In our opinion, in the earlier case, after reciting the exempting provision of the statute [which remains unchanged except in its phraseology], we proceeded * * *."

The proposition, therefore, of the prevailing judgment is that, in a case involving like facts and like law, the solemn adjudication of more than sixteen years ago is to be disapproved and overruled, the maxim *"stare decisis"* notwithstanding. And (*cui bono?*) because, as the opinion, reduced to its essence, appears to me to answer, it were better so.

But, if the maxim *"stare decisis"* is not of itself sufficient, there are other grounds on which I do not think it right to overrule the older case, and I mention them very briefly.

The case in 23 *Vroom* 373 *et seq.* has been cited by the Supreme Court in *Firemen's Relief Association* v. *Johnson,* 33 *Id.* 625 (1898); *Paterson Rescue Mission* v. *High, Receiver,* 35 *Id.* 121 (1899); *Litz* v. *Johnston, Collector,* 36 *Id.* 169 (1900), and by this court in *Children's Seashore House* v. *Atlantic City,* 39 *Id.* 391 (1902). How far did the decision now to be overruled enter into those cases as one foundation stone, and how far are they to be shaken by the withdrawal of the one stone? I cannot answer with certainty in advance of a testing, but that litigants and counsel may regard those cases as more open to question than they were before this day, I am not at liberty to doubt.

In *State of New Jersey* v. *Taylor,* 39 *Vroom* 276 (1902), the constitutionality of a section of the Criminal Procedure act was attacked. Asserting that the question had been laid at rest by *Brown* v. *State of New Jersey,* 33 *Id.* 666 (1898), this court said, only four years later (39 *Id.,* at *p.* 279): "Such a declaration must be accepted as final. This court will not review, much less overturn, a decision made by it upon a matter which was directly presented for its determination, except upon the fullest conviction that it was erroneous. And it will not do so even then when the decision has been so long acquiesced in and acted upon that a return to the proper principle would disastrously affect existing interests." See, also, the language of this court in *Newark* v. *Schuh,* 7 *Stew. Eq.* 265 (1881). Are we now, by overruling a solemn decision of four times four years ago, to open the door of this court for assaults upon other decisions which someone may deem objectionable? I fear that we are at least setting the gates ajar.

In another case just decided, a majority of this court says: "When a decision upon a point of law has been made upon solemn argument and upon mature deliberation, the community have a right to regard it as a just declaration or exposition of the law, and to regulate their actions by it. When a rule has once been deliberately adopted and declared, it ought never to be disturbed by the same court except for very urgent reasons, and upon a clear manifestation of error. See 1 *Kent Com.* 475." If this be a satisfactory *ratio decidendi* in that case, why not in these? A persistent adherence to one statutory exposition is hardly more important to the public than another.

Believing that more harm is likely to be done by overruling *Sisters of Charity* v. *Township of Chatham*, 23 *Vroom* 373, than by adhering to its principle, I am constrained to vote to affirm the judgment under review.

*For affirmance*—GREEN.     1.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, FORT, GARRETSON, HENDRICKSON, PITNEY, REED, BOGERT, VREDENBURGH, VROOM, GRAY, DILL.     12.