THE TRUSTEES OF THE STEVENS INSTITUTE OF TECH-
NOLOGY, PROSECUTOR v. RICHARD BOWES, COL-
LECTOR OF TAXES OF THE CITY OF HOBOKEN, IN
THE COUNTY OF HUDSON, AND THE MAYOR AND
COMMON COUNCIL OF THE CITY OF HOBOKEN.

Argued February 23, 1909—Decided June 7, 1909.

Land acquired by Stevens Institute in Hoboken subsequent to the erection of its academic buildings, separated therefrom by a street, and used mainly, if not entirely, for athletic purposes, is not land whereon the buildings are situated, necessary to the fair use and enjoyment thereof, so as to be entitled to exemption under section 3, placitum 4, of the Tax act of 1903. *Pamph. L., p.* 394.

On *certiorari*.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and PARKER.

For the prosecutor, *J. W. Rufus Besson* and *Gilbert Collins*.

For the defendants, *John J. Fallon*.

The opinion of the court was delivered by

PARKER, J.   The prosecutor was assessed for taxes of 1908 on about seven and two-thirds acres of land in the city of Hoboken, and claims exemption under placitum 4 of section 3 of the General Tax act of 1903. *Pamph. L., p.* 394.   The pertinent provisions of the act are fully quoted in the opinion of this court in a former suit between the same parties, which opinion is reported in 45 *Vroom* 80.   As in that case, the controversy involves the land adjoining and perhaps that underlying the building known as the "Morton laboratory," but the outlying lands now sought to be declared exempt are not the same, and it is to these last that the principal dispute relates.

It is not denied that the prosecutor is a college or academy not conducted for profit, and as such entitled to the exemptions conferred by the section cited.   The question now to be determined is whether the lands included in the writ are, within the meaning of the statute, lands whereon the buildings of the prosecutor "are situated, necessary to the fair use and enjoyment thereof, not exceeding five acres in extent for each."

Until very recently Stevens Institute was a compact group of buildings, all situated on the block bounded west by Hudson, east by River, south by Fifth and north by Sixth street in Hoboken.   North of Sixth street is the Stevens family property, known as Castle ·Point, bounded on the west by Hudson street, on the north in part by Eighth street, and on

the south, east of River street, by Sixth street. At the time of the former litigation the institute owned besides the block containing its general plant a tract of four and five hundred and sixty-two thousandths acres, trapezoidal in form, situate on the northeast corner of Sixth and River streets and running to the Shore road. The Morton laboratory, a building used for the purposes of the prosecutor, and which is about one hundred and twenty feet long and forty-five feet deep, stands at the intersection of Sixth and River streets in the southwest corner of this tract. By the former decision the whole piece was declared exempt on the ground that it did not exceed five acres in area; that the laboratory was situated on it; that other buildings were to be erected on it, and that the uncontradicted testimony indicated that it was necessary for the fair use of the laboratory.

The present situation is very different. The institute has parted with the easterly portion of the four and five hundred and sixty-two thousandths acre tract, retaining of it a rectangle of one and six hundred and ninety thousandths acres, one hundred and seventy-five by four hundred and twenty-five feet, less one small corner, the southerly end being occupied by the laboratory, and in lieu of the land disposed of has acquired land as far as Eighth street on the north and Hudson street on the west, making a continuous tract besides the land immediately adjoining the laboratory, of approximately six hundred and fifty feet in length by four hundred and fifty feet in width or about seven acres. Counsel for prosecutors call this a "campus," but the map they submit shows that it is an athletic field, with grandstand, field-house, "bleachers," two-hundred-and-twenty-yard straightaway and half mile oval, besides room for baseball, football and lawn tennis. The president testifies that an athletic field is a distinct necessity in connection with the obtaining of a higher degree of efficiency in instruction. Conceding this for the sake of argument, we are unable to see that it brings the athletic field within the exemption of the statute. The exemption conferred is of land both necessary to the fair use and enjoyment

of the buildings and "whereon the same are situated." It cannot be said that the buildings on the main block are "situated" on land in another block which was acquired long after they were erected, nor do we think that the general athletic needs of students at an institution of learning make a neighboring athletic field necessary to the fair use and enjoyment of the buildings. The Morton laboratory, and the land on which it actually stands, are, of course, exempt. So also is a curtilage around it of such area as is reasonable in view of the purposes to which it is devoted, including light, air and access, and incidental outside uses. This under the circumstances would mean a tract bounded by River and Sixth streets and the present easterly line of the property, and on the north by a line not necessarily straight or at right angles, separating the laboratory tract from land devoted to other purposes. Counsel can no doubt agree on the location of this line. So far as relates to this laboratory tract, the assessment of taxes brought up will be set aside; in other respects it will be affirmed.