BOROUGH OF CHATHAM, APPELLANT, v. SISTERS OF CHARITY OF ST. ELIZABETH ET AL., RESPONDENTS.

Argued June 21, 1918—Decided November 18, 1918.

Under the conditions found by the Supreme Court to exist in this case—*Held*, that the state board of taxes and assessments properly exempted the property in question from taxation under subdivision 4 of section 3 of the Tax act of 1903 (*Comp. Stat., p.* 5079) as amended by *Pamph. L. 1913, p. 570.*

On appeal from the Supreme Court.

For the appellant, *Ernest L. Quackenbush.*

For the respondents, *John Milton.*

The opinion of the court wes delivered by

PARKER, J.   The litigation relates to the liability to local taxation of a tract of land and building thereon, situate in the borough of Chatham, in the county of Morris.   The land adjoins another tract, on the front part of which stands a Catholic church and on the rear a Catholic parochial school, and which, while not under the same ownership as the land in question, is of importance in ascertaining the use to which the latter is put and its taxability or otherwise.

The tract now under examination is about two hundred and eighteen feet front and two hundred and eighty-seven feet rear, an average of say two hundred and fifty-three feet in breadth, and about three hundred feet deep, so that its area is approximately one and three-quarters acres and well within the five-acre limit set by the statute.   The local taxing authorities seem to have plotted it as two tracts, but there seems to be no physical reason for so considering it; no claim is made that it was acquired piecemeal; the ownership is unbroken, and apparently the only dividing line is on the tax maps.   The Supreme Court and the state board properly treated it as one tract and not subject to the rule in *Sisters of Charity* v. *Cory*, 73 *N. J. L.* 699, relative to land added to the holding after erection of the building.

The claim to exemption of this parcel of land and the building thereon was rested on the facts found below and supported by evidence, that the building was used by the sisters that teach in the parochial school mainly as a place of residence, but in part for religious services open more or less to the public; that the corporate owner is a purely religious and charitable corporation, in no sense conducted for profit, and that the land not occupied by the building is land on which it is "situated," in the fair intendment of the statute, and necessary for the fair use and enjoyment thereof.

The Supreme Court adopted the finding of the state board, which relied upon the early case of *State* v. *Ross*, 24 *N. J. L.* 497.   Appellant claims that that decision was in effect overruled by this court in *Sisters of Charity* v. *Cory, supra,* but

is in error on this point. The decision expressly overruled was *Sisters of Charity* v. *Chatham,* 52 *N. J. L.* 373, and *State* v. *Ross* was not mentioned in the opinion. The rule of law therein laid down stands unimpeached. But be this as it may, the precise question is whether the building is within the language of subdivision 4 of section 3 of the Tax act as amended in 1913 (*Pamph. L., p.* 570) which exempts "all buildings actually used for * schools * * or for religious * * purposes, or for one or more such purposes, not conducted for profit." Upon the findings of fact by the Supreme Court, adopting those of the state board, we have no doubt that it is exempt.

Respecting the curtilage of one and three-quarters acres, if the question of fact as to all of it being necessary to the fair enjoyment of the building were an open one, the argument of appellant would be pertinent; but in adjudging the whole tract exempt, the Supreme Court necessarily passed on this question, and as its finding in that regard is supported by evidence, it is conclusive on this court. *Sisters* v. *Cory, supra; Lehigh & Wilkes-Barre Coal Co.* v. *Junction,* 75 *N. J. L.* 922; *Collingswood* v. *State Water Supply Commission,* 85 *Id.* 673.

The Supreme Court failed to pass upon a motion to strike out part of the evidence taken in the case as hearsay and incompetent. It should have been struck out, but as it was merely cumulative and not on any vital issue in the cause, this error is harmless.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 12.

*For reversal*—None.