CARTERET ACADEMY, INCORPORATED, PROSECUTOR, v. STATE BOARD OF TAX APPEALS AND THE CITY OF ORANGE, RESPONDENTS.

Argued May term, 1932—Decided June 27, 1932.

Before Justices PARKER, CAMPBELL and LLOYD.

For the prosecutor, *Osborne, Cornish & Scheck.*

For the respondents, *William A. Calhoun.*

PER CURIAM.

A writ of *certiorari* was allowed in this case to review the action of the state board of tax appeals affirming an assess-

ment of $46,400 upon the lands of the Carteret Academy, Incorporated. The status of the academy's property for purposes of taxation has been before the court on two previous occasions and on both the academy was held not to be within any of the exempt classes as provided in section 203, subdivision 4 of the Tax act of 1918. 98 *N. J. L.* 868; 120 *Atl. Rep.* 736; 102 *N. J. L.* 525; 133 *Atl. Rep.* 886; affirmed, 104 *N. J. L.* 165; 138 *Atl. Rep.* 919.

In 1929 the legislature amended this section and the respondent concedes that the buildings and certain of the land are entitled to exemption under this amendment. The tract comprises approximately three and one-half acres, all contiguous to the building of the academy. Originally the tract was placed on the city maps as lot No. 1, block 95. In 1930 the lot was changed into two lots, being designated as lots No. 1 and No. 1-A, and as thus constituted lot No. 1 has a frontage of approximately one hundred and thirty-seven feet on one street and four hundred feet on another. On this lot stands the school building. The remaining portion of the tract is said to be used for athletic purposes. Both lots were assessed in 1931 by the assessor, but the assessment on lot No. 1 was set aside and that on No. 1-A was sustained by the state board.

Section 203 (4) of the act exempts "the land whereon any of the buildings (thereinbefore mentioned) are erected and which may be necessary for the fair enjoyment thereof, and which is devoted to the purposes above mentioned and to no other purpose, and does not exceed five acres in extent," and the prosecutor contends that under this section the whole of its land, comprising approximately three and one-half acres of ground, is exempt.

In this situation an issue of fact was presented which in the first instance must be determined by the assessor, and if appeal be taken, thereafter by the reviewing body. This issue of fact is whether the lands taxed are necessary for the fair enjoyment of the buildings. On *certiorari* to this court the issue of fact is again raised. *Sisters of Charity of St. Elizabeth* v. *Cory,* 73 *N. J. L.* 699; 65 *Atl. Rep.* 500.

The state board found that the portion so set apart as exempt from taxation is all that is necessary for the fair enjoyment of the buildings, being ample for light and air, ingress and egress and the ordinary uses to which the building is devoted; including a sufficient allowance for lawns, trees and recreation; that the land thus exempted was liberal for the purpose. Our examination of the evidence leaves us in entire accord with this conclusion.

The contention of the prosecutor that the tract could not be severed for purposes of taxation under *Chatham* v. *Sisters of St. Elizabeth,* 92 *N. J. L.* 409; 105 *Atl. Rep.* 204, finds, as we read it, no support in that case and is unsound. Upon this theory any tract of land which might be acquired would be thus exempt regardless of its size provided only that it be a single tract and contiguous to the buildings. To state the proposition is to answer it.

The order of the state board will be affirmed.