DIVISION OF TAX APPEALS.

THE RECTOR, WARDENS AND VESTRYMEN OF CHRIST CHURCH IN SHORT HILLS, NEW JERSEY, PETITIONER, v. THE TOWNSHIP OF MILLBURN IN THE COUNTY OF ESSEX, RESPONDENT.

1945 Assessment (Two Cases).

Decided February 24, 1948.

For the petitioner, *Fred Herrigel, Jr.*

For the respondent, *Reynier J. Wortendyke, Jr.*

LABRECQUE, COMMISSIONER. The above cases, involving two separate parcels of land, were tried and argued together by consent.

The petitioner is a non-profit religious corporation, organized and existing under the laws of the State of New Jersey since the year 1883. The present appeals involve two tracts of vacant land, located at the intersection of Forrest Drive and Highland Avenue in the Township of Millburn. They were acquired by petitioner sometime in July of 1944 and assessed as taxable for the year 1945. On appeal, the Essex County Board of Taxation affirmed the assessment.

The petitioner contends that the lands in question are entitled to exemption for the following reasons:

1. The lands are those on which buildings used exclusively for religious purposes are erected.

2. The lands are necessary for the fair enjoyment of the church and the parish house buildings.

3. The lands are devoted exclusively to religious purposes.

From the facts adduced at the hearing. it appears that for many years prior to the assessing date, petitioner maintained its place of worship on a tract of land directly across the street from the subject properties. Diagonally across from the church property, it also maintained a parish house. Both of these have been held exempt from taxation by the local assessor. Subsequently, the lots in question were acquired, and these were held not to be tax exempt.

The only witness called by the petitioner testified that each of the lots in question was vacant. In discussing the uses and purposes for which the new lots were intended, he stated:

"The vestrymen, in their judgment as the operating board of the church, believe it essential that additional property be acquired to take care of these future uses and needs, and these two properties together with others were acquired by purchase from their previous owners."

Plans later made seem to call for the eventual erection of a new rectory on one of the lots. Pending the determination of the final use to be made of the remaining lot, it has at times been used for parking by those attending church services.

The total area of petitioner's property does not exceed the statutory five acres.

The applicable portions of the statute relied upon in support of the petitioner's claim for exemption, *R. S.* 54:4–3.6; *N. J. S. A.* 54:4–3.6, read in part as follows:

"The following property shall be exempt from taxation under this chapter: * * * all buildings actually and exclusively used for * * * religious worship * * * all buildings actually and exclusively used in the work of associations and corporations organized exclusively * * * for religious * * * purposes, or for one or more of such purposes; * * * the land whereon any of the buildings hereinbefore mentioned are erected, and which may be necessary for the fair enjoyment thereof, and which is devoted to the purposes above-mentioned and to no other purpose and does not exceed five acres in extent; * * *. The foregoing exemptions shall apply only where the association, corporation or institution claiming the exemption owns the property in question and is incorporated or organized under the laws of this state and authorized to carry out the purposes on account of which the exemption is claimed."

It is entirely settled that statutes granting exemption from taxation are in the nature of a renunciation of sovereignty. Hence, such statutes are generally construed against those claiming the exemption. *Trenton* v. *State Board of Tax Appeals,* 127 *N. J. L.* 105; 21 *Atl. Rep.* (2d) 644; *affirmed,* 128 *N. J. L.* 320; 25 *Atl. Rep.* (2d) 630. The burden of proof is on the claimant to establish its exemption from taxation. *Trustees of Rutgers University* v. *Piscataway Town-*

*ship,* 134 *N. J. L.* 85; 46 *Atl. Rep.* (*2d*) 56. One seeking exemption must establish it by proofs that are free from fair doubt. *College of Paterson* v. *State Board of Tax Appeals,* 131 *N. J. L.* 57; 34 *Atl. Rep.* (*2d*) 740; *Trenton* v. *State Board of Tax Appeals, supra.* In fact, through the proofs, the owner must "establish facts entitling it to exemption" as this establishment of facts is a prerequisite to exemption. *City of Hoboken* v. *Division of Tax Appeals,* 136 *N. J. L.* 328; 55 *Atl. Rep.* (*2d*) 290.

The application of the legal principles enunciated depends entirely upon the facts and circumstances of each particular case. *Dana College* v. *State Board of Tax Appeals,* 14 *N. J. Mis. R.* 308; 184 *Atl. Rep.* 412.

From an examination of the facts before us, we find that the appellant has failed to meet the burden cast upon it by law. From the uncontroverted testimony, it appears that the lands for which exemption is sought, are not the lands upon which any exempt structure is erected. *Sisters of Charity* v. *Cory,* 73 *N. J. L.* 699; 65 *Atl. Rep.* 500. They constitute additional vacant land subsequently acquired and intended for future expansion. As of the assessing date, no structure had been erected on either plot.

Our courts have uniformly held such vacant lands to be taxable. Thus in *Stevens Institute* v. *Bowes,* 78 *N. J. L.* 205; 73 *Atl. Rep.* 38, the Supreme Court, in construing a similar statute (placitum 4 of section 3 of the General Tax Act of 1903) held that the fact that certain buildings belonging to Stevens Institute were exempt from taxation did not likewise exempt certain additional lands of the institution which were located in the next block. To the same effect is *Stevens Institute* v. *State Board of Taxes and Assessments,* in 3 *N. J. Mis. R.* 1094; 130 *Atl. Rep.* 925, decided in 1925. The principle enunciated in these cases seems to have been uniformly followed. Thus in *First M. E. Church of Red Bank* v. *Borough of Red Bank, N. J. Tax Reports,* 1912-1934, 742; 57 *N. J. L. J.* 245, the late President Weaver of the State Board of Tax Appeals held certain vacant lands belonging to a religious congregation to be taxable. The congregation had contracted to sell its church building and had pur-

chased two lots intended for the erection of a new church. Religious dedication services were held on these lots and open-air religious services were conducted on them when the weather permitted. A barn on the property was also used for the storage of church property. In dismissing the claim for exemption, he held:

" 'Ownership by a religious corporation and incidental use for religious or moral purposes are not sufficient to entitle a building to exemption.' *In re M. E. Church of Englewood,* 36 *N. J. L. J.* 238. In the absence of any buildings used for religious purposes, the land cannot be exempted. It thus fails to come within the provisions of the exempting section of the Tax Act, and was properly assessed for taxation."

To the same effect is *Mount Olivet Baptist Church* v. *Newark,* 19 *N. J. Mis. R.* 232; 18 *Atl. Rep.* (2d) 581, where the State Board of Tax Appeals held that vacant lots belonging to a religious congregation, which were actually used for open-air religious services, were not exempt from taxation. Other decisions substantially to the same effect are *Sisters of Charity of St. Elizabeth* v. *Sea Girt, N. J. Tax Reports,* 1912-1934, 333; 47 *N. J. L. J.* 18; *Stevens Institute* v. *Hoboken, N. J. Tax Reports,* 1912-1934, 340; 47 *N. J. L. J.* 145, and *St. Mary's Church* v. *Burlington, N. J. Tax Reports,* 1912-1934, 315; 46 *N. J. L. J.* 13.

The petitioner, in seeking to avoid the effects of the cited decisions and others of similar import, advances the claim that the lots for which exemption is sought are, in law, physically contiguous to and a part of the tract upon which the church buildings are erected. It is thus urged that the exempt and the non-exempt tracts are really one, notwithstanding the presence of the public highway, which separates them. No applicable decision by us, or by the reviewing courts, is adduced in support of this contention. On the contrary, in *St. Joseph's Roman Catholic Church* v. *West Hoboken, N. J. Tax Reports,* 1912-1934, 97, the State Board of Equalization of Taxes, in an opinion by the late Judge Jess, held to the contrary. There the appellant operated a parochial school, and the school playground, which was located directly across the street from the school itself, was

held to be taxable. Likewise, in *Sisters of Charity of St. Elizabeth* v. *Borough of Sea Girt, supra,* the appellants purchased several lots adjoining the exempt property, and these were held to be taxable by the State Board of Taxes and Assessment.

Nor has the appellant carried the burden of showing that the lands in question were actually devoted to religious purposes. It is undisputed that one of the lots is and has been always vacant. As to the remaining lot, some evidence was introduced to the effect that it was used as a parking lot by members of the congregation; but whether such use was in effect on the assessing date was not made clear. But even such use under the circumstances here shown would not meet the requirements of the statute.

Lastly, it is urged that the lands involved are necessary for the fair enjoyment of the church building by the congregation. Before the test of "fair enjoyment" can be invoked, it is necessary that it appear that the land for which exemption is sought constitutes a parcel on which a building devoted to religious purposes is erected. *Sisters of Charity* v. *Cory,* 73 *N. J. L.* 699; 65 *Atl. Rep.* 500. Not until this has been established, is it necessary to go into the question of whether the land in question is necessary for the fair enjoyment of the building. But even were this not so, the evidence before us fails to establish that the subject lands are necessary for the fair enjoyment of the exempt building. On the contrary, the testimony of the appellant's own witness indicates that the lots in question were purchased for the future expansion of the church. What the eventual disposition of these lots will be is not definitely made to appear. Such being the case, it is obvious that the appellant has not established that they are necessary for the fair enjoyment of the present church buildings.

For the reasons stated, the petitions will be dismissed and the action of the Essex County Board of Taxation affirmed.