35 N.J. Super. 67 (1955)
113 A.2d 182
CONGREGATION B'NAI YISROEL, APPELLANT,
v.
THE TOWNSHIP OF MILLBURN IN THE COUNTY OF ESSEX, AND DIVISION OF TAX APPEALS, DEPARTMENT OF THE TREASURY, STATE OF NEW JERSEY, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 28, 1955.
Decided March 24, 1955.
*68 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Samuel A. Larner argued the cause for appellant (Messrs. Budd and Larner, attorneys).
Mr. Reynier J. Wortendyke, Jr., argued the cause for respondent, The Township of Millburn.
The opinion of the court was delivered by CLAPP, S.J.A.D.
The Congregation B'Nai Yisroel appeals from a judgment of the Division of Tax Appeals denying it an exemption as to certain land owned by it in Millburn, N.J., which was used for the parking of automobiles by those attending the Congregation. The issue, as it is stated by Millburn, calls for a construction of that portion of R.S. 54:4-3.6 italicized below:
"The following property shall be exempt from taxation under this chapter * * * all buildings actually and exclusively used for * * * religious worship * * * all buildings actually and exclusively used in the work of associations and corporations organized exclusively * * * for religious, charitable or hospital purposes, *69 or for one or more of such purposes; * * * the land whereon any of the buildings hereinbefore mentioned are erected, and which may be necessary for the fair enjoyment thereof, and which is devoted to the purposes above-mentioned and to no other purpose and does not exceed five acres in extent * * *."
The Congregation bought from Millburn less than five acres of land, including that above mentioned, subject to a covenant restricting the whole of it to (putting the matter generally) religious purposes. By ordinance adopted July 5, 1949, some months before the delivery of the deed, Millburn directed the conveyance to be made to the Congregation subject to those restrictions, and furthermore it vacated a street running through the property. The vacation of the street gave rise to litigation on the part of other land owners; and in order to settle the matter, it was agreed by Millburn and the Congregation that immediately on the passage of title to the Congregation, the street would be rededicated, and Millburn would accept the dedication.
The street, a 50-foot strip, thus came to be dedicated and accepted. It severs the premises into two parcels. On one of the parcels, as to which an exemption has been granted, a synagogue was erected. The other parcel, the property with which we are concerned, was on the assessment date, and still is, used for the parking of vehicles by those attending the synagogue.
Both parcels and the 50-foot strip were acquired through one deed. Sisters of Charity of St. Elizabeth v. Cory, Coll'r, 73 N.J.L. 699, 703 (E. & A. 1907); Stevens Institute of Technology v. Bowes, 78 N.J.L. 205 (Sup. Ct. 1909). But in the deed they were described respectively as three separate tracts. However, Millburn makes no point of this; the three contiguous tracts could very simply have been described by a surveyor as one parcel and included in the deed as such.
Nor does Millburn argue that such a parking lot is not "necessary for the fair enjoyment" of the synagogue. In fact a year after the assessment date here, Millburn adopted an ordinance requiring new buildings of various sorts, including synagogues, to provide areas for off-street parking.
*70 The single issue is whether, by reason of the divisive effect of the street, the parcel used for a parking area can be said to be, in the words of R.S. 54:4-3.6,
"the land whereon any of the buildings hereinbefore mentioned [the synagogue] are erected * * *."
These none too fortunate words constitute one of the conditions which must be met by land if it is to be accorded an exemption. Sisters of Charity of St. Elizabeth v. Cory, Coll'r, 73 N.J.L. 699, 703 (E. & A. 1907), supra. Literally they have reference only to the ground directly under the buildings. But this plainly is not their intendment, because the next words in the statute extend the exemption to all land "necessary for the fair enjoyment" of the buildings.
We find no New Jersey case on the point. However there has been some suggestion that by the words "the land whereon * * * the buildings * * * are erected," reference is made to a curtilage. Bancroft v. Magill, 69 N.J.L. 589 (Sup. Ct. 1903), an opinion that states no facts and gives us little else to go by. However, in State v. Ross, 24 N.J.L. 497, 501 (Sup. Ct. 1854), the land around the faculty houses, which was held exempt, seems to have comprised a "little more than the curtilage"; and it has been held that the rule of that case "stands unimpeached." Chatham v. Sisters of Charity of St. Elizabeth, 92 N.J.L. 409 (E. & A. 1918). Besides, we see nothing in the words of this statute which requires us to limit the exempt land to a curtilage, a term which properly is applicable only to a dwelling. See Edwards v. Derrickson, 28 N.J.L. 39, 72 (Sup. Ct. 1859); Italian-American Building & Loan Ass'n of Passaic County v. Russo, 132 N.J. Eq. 319 (E. & A. 1942); 25 C.J.S., p. 65; 1 Bouvier's Law Dict., Rawle's Third Revision, p. 741; Black's Law Dictionary.
In State v. Ross, 24 N.J.L. 497 (Sup. Ct. 1854), supra, college buildings and their grounds were separated by a "public street" (page 501) from faculty residences and lands about them; and the court held that notwithstanding the street, *71 "the lands whereupon the same [the college] are erected" included the lands about these faculty houses. See further Township of Teaneck v. Lutheran Bible Institute, 34 N.J. Super. 418 (App. Div. 1955). State v. Ross is suggestive, but not dispositive of the present point.
In People v. Commissioners of Taxes, 10 Hun. 246 (N.Y. Gen'l Term, 1877), the court had under consideration a New York statute first enacted as N.Y.L. 1827, Act Dec. 4, 1827. The statute is sufficiently like our statute, L. 1851, p. 272 (a predecessor of R.S. 54:4-3.6), that one might say that perhaps the person drafting our act had the New York act before him at the time and that among other things, he made an attempt to get away from the connotations attaching to the word "lots" appearing in the New York act. This New York statute provided an exemption for
"every building erected for the use of a college * * * and the several lots whereon such buildings are situated * * *."
Davis, P.J., speaking for the Justices of the General Term in People v. Commissioners of Taxes, supra, dealt with a situation where a public highway, 100 feet wide, ran through the grounds of a college dividing them into two parcels: the first containing the buildings of the colleges; and the second being used as a vegetable garden and farm, a cemetery, and for the recreation and walks of the pupils and persons connected with the college. There the court had to contend with the word lot, qualified by the phrase, "whereon the buildings are erected." Nevertheless, the court held:
"We think that the accident that a public highway has been constructed over the grounds does not destroy or affect their identity as `the lot,' within the meaning of the exemption statute, on which the buildings are situated. (1 R.S., 905 [5th ed.].) The connection and unity of the whole parcel for the uses of the college remain, notwithstanding the public easement. The intersection of public highways are not in themselves such a severance as of legal necessity divides the grounds of the college into exempt and non-exempt parcels. That division must depend upon other facts which control its effect. In this case, facts are shown, without contradiction, which clearly establish that `the lot' of the college, for all purposes of use, and *72 consequently of exemption from taxation, remains precisely as before the construction of the boulevard. A very apt case is cited from the Supreme Court of New Jersey." (discussing State v. Ross, 24 N.J.L. 497, supra).
See People ex rel. Trustees of Sailors' Snug Harbor in City of New York v. Miller, 169 Misc. 19, 6 N.Y.S.2d 787 (Sup. Ct. 1938).
The rule is entirely settled in this State that the exemption accorded by our statute must be construed most strictly against the one claiming the exemption. Sisters of Charity of St. Elizabeth v. Cory, Coll'r, 73 N.J.L. 699, 706 (Gummere, C.J., E. & A. 1907), supra, overruling Sisters of Charity v. Township of Chatham, 52 N.J.L. 373, 376 (Beasley, C.J., E. & A. 1890); cf. 2 Cooley, Taxation (4th ed.), 1415; cf. New Jersey Constitution, Art. VIII, Sec. I, par. 2. But this rule does not require us to destroy the fair intendment of the statutory words. 84 C.J.S., Taxation, § 227, pp. 443, 444.
We see no basis for reading into the statute, as a matter of legal necessity, a requirement that the land, to be exempt, must be on one side of a street, as Millburn seems to have asserted on the oral argument.
In determining whether or not a property is entitled to an exemption under R.S. 54:4-3.6 we look to the particular facts at hand. City of Trenton v. State Board of Tax Appeals, 127 N.J.L. 105, 106 (Sup. Ct. 1941), affirmed City of Trenton v. Rider College, 128 N.J.L. 320 (E. & A. 1942). We are concerned here with the Congregation's two areas of land separated by a road; except for the road, there would have been a sufficient connection between them so as to say that they together constituted "the land whereon [the synagogue is] erected." Without attempting to say whether or not this case could be rested upon some broader proposition, we hold that where an ordinance directs the municipality to convey certain property, contemplating the erection of a building or buildings conforming to specified exempt purposes and the purposes are in fact at all times adhered to by *73 the grantee, the connection and unity of the land will not be destroyed merely by supervenient circumstances as a result of which a public easement is imposed on the scheme, so as to sever a portion of the land from the rest.
We conclude that the portion not built upon is part of "the land whereon [the synagogue is] erected" and therefore that the exemption sought with respect to that portion should have been granted.
Reversed.