THE BANCROFT SCHOOL, PROSECUTOR, v. STATE BOARD OF TAXES AND ASSESSMENT ET AL., DEFENDANTS.

Submitted May 15, 1931—Decided May 16, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutor, *French, Richards & Bradley.*

For the defendants, *Patrick H. Harding.*

PER CURIAM.

This *certiorari* brings up for review assessments by the Borough of Haddonfield against the property of the Bancroft School for the year 1930 and the judgment of the state board of taxes and assessment affirming those assessments. The taxes assessed aggregate $1,700.16. The Bancroft School, located in the borough of Haddonfield, is a school for backward and mentally defective children and was established a number of years ago by Miss Bancroft. In 1928, the prosecutor was incorporated as an association not for pecuniary profit and all the assets of the prior corporation were turned over to the new corporation.

The property of this corporation from time to time has been exempt, and at other times failed of exemption as the provisions of the statute were changed.

The present application is based upon chapter 42 of the laws of 1929, under the paragraph providing that all buildings used for schools, when said school is not operated for profit but is a charitable institution, are exempt from assessment.

It appears that there are approximately ninety students and there are approximately eighty-four employes. Charges for the students are as follows: One free, thirteen $1,000 each, forty $1,200 each, twenty $1,500 each, and sixteen $2,000 or more each. It further appears that in the summer these pupils are taken to Maine for a three months' outing at some additional cost to the students or their parents. It appears that at the present time there are no profits over and above the cost of operation. Testimony is submitted designed to establish that the primary motive is the education and improvement of the inmates. It seems to us, however, it cannot be said that this is a charitable or benevolent enterprise. The fees charged are very considerable. The fact that it may not from time to time result in profitable operation is beside the question. It has a commercial aspect. The amount of the fees charged indicates that it is commercial. The burden is upon the one claiming an exemption to establish the right. *Carteret Academy* v. *State Board,* 102 *N. J. L.* 525; 133 *Atl. Rep.* 886; *affirmed,* 104 *N. J. L.* 165; 138 *Atl. Rep.* 919. We conclude that the right has not been clearly established in this case, and that, therefore, the judgment of the state board of taxes and assessment should be affirmed and the writ dismissed, with costs.