STATE BOARD OF TAX APPEALS.

COLLEGE OF PATERSON, PETITIONER, v. CITY OF PATERSON, RESPONDENT.

Decided December 22, 1942.

For the petitioner, *Edward G. Weiss.*

For the respondent, *George Surosky.*

WAESCHE, President. Petitioner's appeal to the Passaic County Board of Taxation, praying exemption from taxation for the year 1941, on behalf of a building which it owns and occupies in the City of Paterson, and for the personal property contained therein, based upon the claim that it is used for the purposes of a school not conducted for profit, was denied by that tribunal. Hence this appeal.

Claims for exemption of the type here involved are among the most difficult which come before this board for determination. The test for exemption, repeatedly stated in the decisions of the courts, is that the institution must appear, from all of the facts presented, to be operated for purposes and objects which are "fundamentally charitable or philanthropic:" *Dwight School of Englewood* v. *State Board,* 114 *N. J. L.* 594; 177 *Atl. Rep.* 888 (*Supreme Court,* 1935); *Princeton Country Day School* v. *State Board,* 113 *N. J. L.* 515; 175 *Atl. Rep.* 136 (*Supreme Court,* 1934); *Bancroft School* v. *State Board,* 10 *N. J. Mis. R.* 656; 160 *Atl. Rep.* 390 (*Supreme Court,* 1932); *Carteret Academy* v. *State Board,* 18 *N. J. L.* 868 (*Court of Errors and Appeals,* 1923), and 102 *N. J. L.* 525; 133 *Atl. Rep.* 886 (*Supreme Court,* 1926); *Dana College* v. *State Board,* 14 *N. J. Mis. R.* 308; 184 *Atl. Rep.* 412 (*Supreme Court,* 1936); *City of Trenton* v. *State Board,* 127 *N. J. L.* 105; 21 *Atl. Rep.* (*2d*) 644 (*Supreme Court,* 1941). In all of the cases cited the test was found not to be satisfied by the exemption claimant in question.

In *Institute of Holy Angels* v. *Bender,* 79 *N. J. L.* 34; 74 *Atl. Rep.* 251 (*Supreme Court,* 1909), and in *Mayor of Princeton, &c.,* v. *State Board,* 96 *N. J. L.* 334; 115 *Atl. Rep.* 342 (*Supreme Court,* 1921), exemptions were allowed. These cases were followed by this board in *Buxton Country Day School, Inc.,* v. *Township of Millburn,* 18 *N. J. Mis. R.* 443; 14 *Atl. Rep.* (*2d*) 269 (*State Board,* 1940).

It is hardly possible categorically to list those circumstances which will operate to characterize an institution as conducted for profit, or as not conducted for profit. It was stated in the Supreme Court in *City of Trenton* v. *State Board, supra* (involving the claim for exemption of Rider College):

"The applicable legal principles present no difficulty. The right to the claimed statutory exemption depends entirely upon the facts and circumstances of each particular case * * *. The application of the stated principles to the facts and circumstances of each case is, as here, not free from difficulty."

So far as the purely formal requirements of the exemption statute are concerned, *R. S.* 54:4-3.6; *N. J. S. A.* 54:4-3.6, the instant case presents no difficulty. The petitioner held legal title to the property as of the exemption date, was incorporated as a non-pecuniary corporation for the purpose of operation of a school, and the land whereon the building is situated does ont exceed five acres in area.

As to whether the institution is "conducted for profit," in the sense outlined by the cases, to wit, as to whether the purposes and objects of the school are "fundamentally charitable or philanthropic," we have concluded, after a careful examination of the proofs, and particularly in the light of the recent decision in the case of *City of Trenton* v. *State Board of Tax Appeals, supra,* that the petitioner has failed to carry the burden of proof which rests upon it to establish the asserted right.

Petitioner was incorporated in 1934 as the project of Dr. and Mrs. Herbert S. Robinson, who are, respectively, president and registrar of the college. The property here in question was purchased in 1935 by the Robinsons through their personal corporation, Saher, Inc., for a consideration represented almost entirely by a purchase-money mortgage taken back by the seller. The petitioner occupied the premises as a tenant of Saher, Inc., paying a monthly rental, until January 23d, 1940, when Saher, Inc., conveyed the premises to petitioner without any consideration. All or a substantial part of the mortgage indebtedness continues to incumber the premises.

We are not furnished any detailed description of the building, but the proofs are that Dr. and Mrs. Robinson occupy as their living quarters, furnished free to them by the college, the entire top floor of the building. The bursar of the college resides in the building. It would thus appear that a

substantial part of the entire premises is used as the living quarters of officials of the institution. While living quarters provided by a school for its president may be entitled to exemption under certain circumstances, *Trustees, &c.,* v. *Piscataway Township,* 20 *N. J. Mis. R.* 127; 25 *Atl. Rep.* (2d) 248 (*State Board,* 1942), nevertheless if, as here, an undue proportion of the total school property appears to be provided for such purpose, that fact will be taken into account in the determination of the question as to whether the property is, as an entirety, devoted primarily to philanthropic school purposes.

A statement of income and disbursements read into evidence at the hearing shows total receipts during the school year 1940-1941, of $23,699.78 and total disbursements for that period of $20,806.89. The surplus consists of a bank balance of $1,609.09 and of what is described as a control account of $1,283.80. The bank balance compares with a balance of $151.35, as of the beginning of that year. While the compensation received by the president, the registrar and the faculty of the college is moderate, this, we believe, is accounted for by the paucity of the student body rather than by any philanthropic motivation on the part of the Robinsons. Mrs. Robinson testified that should the number of students increase, the additional income would probably be used to increase the salaries of the president and of the faculty. It appears, furthermore, that no free scholarships were outstanding as of the assessing date, although it was testified that scholarships had on occasion been granted in the past. No details as to the extent thereof were furnished.

We are led to the conclusion that the strict tests applicable to the measure of proof which is required in order to establish the right of exemption from taxation, are not met by petitioners in this case. We are satisfied that a stronger case for exemption was presented by Rider College, and yet a judgment of this board granting exemption to that institution for the year 1940 (*Rider College* v. *City of Trenton,* 19 *N. J. Mis. R.* 304; 19 *Atl. Rep.* (2d) 22) was reversed by the Supreme Court in *City of Trenton* v. *State Board of Tax Appeals, supra.* No such indications of self-sacrifice and

devotion to the cause of education as were found by us to exist in the *Buxton Country Day School* case, *supra,* are present in this case.

The judgment of the county board must, therefore, be affirmed, and the claim for exemption denied.