INSTITUTE OF HOLY ANGELS v. CHARLES L. BENDER, COLLECTOR.

Submitted July 2, 1909—Decided November 8, 1909.

A school is not conducted for profit within the meaning of the Tax act (*Pamph. L.* 1903, *p.* 394, § 3, *pl.* 4) when it appears that the charges for tuition and board are not fixed with the intention of yielding a profit over and above the actual cost.

---

On *certiorari*.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the prosecutor, *Vredenburgh, Wall & Carey.*

For the defendant, *Cornelius Doremus* and *Joseph H. Lecour, Jr.*

The opinion of the court was delivered by

SWAYZE, J. The prosecutor claims exemption from taxation on its real estate upon the ground that it is a school not

conducted for profit within section 3, *placitum* 4, of the Tax act of 1903. *Pamph. L., p.* 395. Three tracts of land are involved—*first,* the main tract of something more than seven acres, on which were located all the buildings of the prosecutor at the time of the assessment now in question on May 20th, 1908; *second,* the LaTours tract upon which a new building was erected shortly afterwards; *third,* the Linwood avenue tract of four acres. We are clear that the last two tracts are subject to taxation. They were not necessary to the fair use and enjoyment of the buildings, and therefore do not fulfill the conditions of the statute. The only question that we think it necessary to discuss is the taxability of the first tract.

The prosecutor was incorporated under the act of June 3d, 1890, for the incorporation of associations for the erection and maintenance of schools and institutions for educational purposes. *Gen. Stat., p.* 1934. This statute is similar in character to the one under consideration by the Court of Errors and Appeals in *Englewood School* v. *Chamberlain,* 26 *Vroom* 292, which held the property exempt. Since the decision of that case, however, the schools which are exempted from taxation have been limited to those "not conducted for profit," and it is insisted that the school in this case is conducted for profit. It is not contended that it is a profitable enterprise or that anyone concerned in the corporation seeks to make money out of it. Indeed, an examination of the act under which the Institute of Holy Angels is incorporated shows that the legislature did not contemplate that corporations under that act should be commercial enterprises. As pointed out in the prosecutor's brief there is no provision for capital stock nor for distribution of profits; it is not unlike a religious corporation or other society not for pecuniary profit. The contention of the defendant is that the school is conducted for profit because a tuition fee is required and a charge is made for board of the pupils. But clearly the charge for board would not make the school one conducted for profit unless it was shown, as it is not, that the charge was in excess of the cost. We do not mean to say that even if that had been proved, it would suffice to bring the school within the words

of the statute; it is not enough that a profit should be made; the school must be conducted for the purpose of making a profit, *i. e.*, as a commercial enterprise, in order to be deprived of its exemption. The argument is quite as clear in the case of the charge for tuition as in case of the charge for board. Unless the tuition charges are so fixed as to evince a purpose to make a profit over and above the cost of tuition, the school is exempt. Princeton University and Rutgers College, like all our endowed institutions of learning, make a charge, sometimes not an inconsiderable charge, for tuition; and it is quite probable that in individual cases the tuition fee may exceed the actual cost of the instruction; yet no one would suggest that either institution was conducted for profit. The reason is that such institutions upon the whole give more than they get, and make up the deficiency of the tuition fees to pay for the actual cost of the instruction, in part by the self-sacrificing devotion of the teachers, and in part by the bounty of past generations. Such appears to be the aim of the present prosecutor. The school is conducted by a religious sisterhood; the teaching sisters receive no salary; some of the pupils pay no tuition, some pay less than the full charge. The receipts do not suffice to meet the expenses, and the prosecutor depends upon donations to meet the deficiency. The prosecutor is exempt to the extent provided by the statute, but that is only of the buildings and the land whereon the same are situate, necessary to the fair use and enjoyment thereof, not exceeding five acres for each. The statute creates this double test; in this respect the language is similar to that under review in *Sisters of Charity* v. *Cory,* 44 *Vroom* 699, 703. This view is that adopted by this court in *Stevens Institute* v. *Hoboken,* 45 *Id.* 80, and *Stevens Institute* v. *Bowes,* 49 *Id.* 205.

The next question is how much of the seven-acre tract on which the buildings stand is necessary to the fair use and enjoyment thereof. The assessor had, in making his assessment, exempted the whole tract, and it was subsequently taxed by authority of the borough council. We have no reason to doubt that a tract of five acres was necessary in the case of a boarding school like this. In *Stevens Institute* v. *Hoboken,*

45 *Vroom* 80, we held a tract of four and five hundred and sixty-two thousandths acres in the densely populated city of Hoboken exempt.

The value of the land, exclusive of the buildings, seems to have been $1.500 per acre; if that is correct, all in excess of five acres would be assessable at that rate. The buildings and five acres are exempt. The assessment must be reduced in accordance with these views. If counsel cannot agree on the amount, application may be made to the court to fix it.