STATE, *ex rel.* ELIZABETH R. LOGAN v. J. D. RAULERSON, Clerk Circuit Court.

151 So. 384.
Opinion Filed December 5, 1933.

*Ernest C. Wimberly,* for Relator;

*Gordon Petteway,* for Respondent.

WHITFIELD, J.—Mandamus proceedings were brought to require the clerk of the circuit court to accept for the payment of county and district taxes for 1931 and prior years, under the Futch law, a bond of the Lake Hancock Im-

provement District, a drainage district in Polk County, Florida, organized under Chapter 6458, Acts of 1913.

In State, *ex rel.* v. Gay, Clerk, decided October 3, 1933, it was held that the provision of Section 6, Chapter 16252, "that bonds or matured interest coupons of all county or other taxing district shall be received at par in lieu of money in redemption of tax sale certificates," etc., includes bonds of any taxing districts that levy *ad valorem taxes* and does not include bonds of districts which levy *special assessments* for benefits with which to pay bonds of the district; and that "the districts whose bonds may be received for past due county and district taxes for the year 1931 and prior years under the Futch law, Chapter 16252, Acts of 1933, are those districts whose unpaid past due *taxes* are included in the tax sale certificates to be redeemed." The distinction is between *taxes* levied for ordinary governmental purposes and special levies or special assessments for local public improvements which afford special and peculiar benefits to the property assessed.

The question presented here is whether the bonds issued by a drainage district organized under the general law, Chapter 6458, Acts of 1913, and acts supplementary thereto and amendatory thereof, are included among the bonds of taxing districts which may be received for past due county and district taxes for the year 1931 and prior years, under the provisions of Chapter 16252, Acts of 1933, the Futch law.

Drainage districts are formed to procure special improvements peculiar to the districts respectively, and when bonds issued by such districts are to be paid by special levies of taxes according to benefits, it is not material whether the special levies or assessments are *ad valorem,* or by area or otherwise, the levies are not of *taxes* for governmental

purposes in the ordinary meaning of the word, but are special assessments. This is the intent of Chapter 6458, Acts of 1913, under which this district operates.

As the drainage district *ad valorem* taxes are not taxes for ordinary governmental purposes but are in effect special taxes or special assessments levied for local public improvements which are designed to afford peculiar benefits to the property assessed, although the special assessments or special taxes for benefits that are levied to pay bonds by the drainage district for local drainage purposes, are to be collected by the county tax collector, and the unpaid amounts of such special taxes or assessments are included in the State and county tax sale certificates, yet that does not bring the bonds within the terms or the intent of the Futch law, Chapter 16252, so as to authorize such drainage district bonds to be acceptable for unpaid county and district taxes for 1931 and prior years.

Such special assessments or levies of *ad valorem* taxes for drainage district purposes are not lost to the district because they are included in State and county tax sale certificates and not in separate certificates.

When such special assessments or levies are collected in the sale or redemption of the State and county tax sale certificates, the amounts collected should be duly accounted for to the district.

Several statutes enacted in 1933 have relation to the use of drainage district bonds in paying delinquent district or other taxes, but they are not applicable here.

Motion to quash the alternative writ granted.

DAVIS, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.