MIAMI BEACH COLLEGE CORPORATION v. C. W. TOMLINSON, as Tax Collector, Miami Beach, and HAYES WOOD, as Tax Collector, Dade County.

196 So. 608
En Banc
Opinion Filed May 21, 1940
Rehearing Denied June 19, 1940

*Louis Schwarzkoph,* for Appellant;

*J. Harvey Robillard* and *Melbourne L. Martin,* for Appellees.

TERRELL, C. J.—Appellant as complainant filed its bill of complaint in the circuit court seeking to restrain appellees, Tax Collector of Dade County and Tax Collector of the City of Miami Beach, from requiring it to pay the license tax imposed on operators of other businesses in this State. On final hearing after testimony was taken, the chancellor denied the relief prayed for and dismissed the bill of complaint. This appeal is from the final decree.

The question presented is whether or not a private school with no income but tuition fees is a business operated for profit, subject to the license tax imposed under Section 13 of Chapter 18011, Acts of 1937, and Ordinance 506 of the City of Miami Beach.

It is contended that the operation of a private school is not the operation of a business for profit as contemplated by the Act relied on. The question of whether or not such schools are required to pay an ad valorem tax is not involved. Cases in which the payment of the latter tax was adjudicated are not in point.

Section 1 of Article IX, Constitution of Florida, authorizes the Legislature to exempt school property and other properties from taxation and Section 897, Compiled General Laws of 1927, effectuates Section 1 of Article IX by defining exempt properties but these sections refer to ad valorem taxes. Section 5 of Article IX provides for a license tax and the Acts involved in this litigation were designed to impose such a tax. To be relieved of the license tax, appellant relies on the fact that it was organized under Chapter 6495, Compiled General Laws of 1927, as a corporation not for profit, and the further fact that under the terms of the Act imposing the license tax it is exempt because it does not operate at a profit.

The last cited statute provides for the organization of

non-profit corporations but the method of their organization does not determine whether or not they are in fact corporations for profit or not for profit. The latter distinction lies in the fact of whether or not the owners or stockholders are entitled at stated times to share in the net profits of the corporation. The fact of gain or loss as a stockholder is not material when the question of liability for payment of a license tax is involved.

In its larger significance, the term business has reference to any livelihood or employment in which one makes his living. By this token, the operation of a private school is a business. Appellant seems to confuse the terms of the statute which require a license tax to operate any business for profit. In other words, appellant contends that the business must operate at a profit before it is subject to the license tax and if it fail in this, the license tax cannot be imposed.

The uncontradicted evidence shows that appellant collected $7,521.15 for the 1938-39 school year in tuitions, less the sum of $426.25 secured in the form of a loan, that $2,922.60 of this amount was paid to employees in the form of salaries and that the balance was disbursed in the form of janitor's pay, director's salaries, and other expenses and that the school showed a deficit of $1,416.12 for the school year.

"For profit" is not synonymous with "at profit." "For profit" has reference to any accession or increment from labor, management, or other industry and may be tangible or intangible while "at profit" has reference to net proceeds after the expense of the business is paid. If the theory of appellant is to be the rule, any business could be manipulated in a way it would not show a net profit. Many businesses not operating at a net profit are subject to the license tax.

Section 13 of Chapter 18011, Acts of 1937, and Ordinance

506 of the City of Miami Beach are identical in purpose, viz.: to impose a license tax on operators of private schools when operating for profit. In our view, appellant is shown to be in that class and is subject to the tax.

The judgment of the circuit court is affirmed.

Affirmed.

WHITFIELD, P. J., BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs specially.

THOMAS, J., dissents.

BUFORD, J. (concurring specially).—I concur in the conclusion reached in the majority opinion because it appears from the evidence that while the corporation was organized and exists as "a corporation not for profit," its operation is that of a business corporation or a business conducted by individuals, for profit.

It appears to me that the owners and operators of the school involved are engaged in the business of operating a private school in which they charge tuition for the services rendered their patrons; the school is operated for the purpose of producing a livelihood for the owners and operators thereof, and that it makes no difference whatever whether it is organized as an ordinary business corporation or "a corporation not for profit," or as a partnership, the result is all the same and the appellant comes within the purview of the statute and the ordinance cited in the majority opinion.