141 So.2d 744 (1962)
ST. LUCIE COUNTY-FORT PIERCE FIRE PREVENTION AND CONTROL DISTRICT, A QUASI PUBLIC CORPORATION, APPELLANT,
v.
PAUL K. HIGGS AND EDNA S. HIGGS, HIS WIFE, APPELLEES.
No. 31538.
Supreme Court of Florida.
June 1, 1962.
*745 Errol S. Willes, Fort Pierce, for appellant.
Rogers & Rogers, Fort Pierce, for appellees.
THOMAS, Justice.
The legislature in 1959 enacted a special act, Chapter 59-1806, creating St. Lucie County-Fort Pierce Fire Prevention and Control District with boundaries coinciding with those of St. Lucie County. Among the powers granted the board of commissioners of the district was the one to levy annually upon all real and personal property "including homesteads * * * a sufficient tax to pay the necessary costs for the maintenance, operation and support of the district * * *." (Italics supplied.) The tax was limited to eight mills "on the dollar."
Incorporated in the law was the legislative declaration that the taxes, which in this section were described as "special assessment taxes," constituted special assessments for peculiar benefits to the property in the district by protecting the property from destruction by fire.
It was made the duty of the county commissioners to require the county tax assessor to assess the taxes levied by the district commissioners including homesteads "to the extent that taxes may be lawfully levied upon homesteads," and the county collector to collect such taxes in the same way other taxes are collected.
The District sought a declaratory judgment determining whether or not homesteads could be subjected to the tax and declaring the act constitutional.
When these issues reached the circuit judge, he concluded that on principles formerly announced by this court, notably in Fisher v. Board of County Commissioners of Dade County, Fla., 84 So.2d 572, the District was prohibited from levying the assessments against the first $5000. value of homestead property inasmuch as no "special benefits" would flow to lands within the district and the ad valorem basis of assessment had no reasonable relationship to any advantages to the property resulting from the assessment. In other words, he was of the opinion protection from fire was "general" as distinguished from "special" and that the ad valorem tax was general as well. He entered a judgment declaring that the District had no right to assess and collect taxes against the first $5000. value of homesteads and that the provisions of Chapter 59-1806, supra, attempting to grant the District such power were violative of Sec. 7, Art. X of the Constitution, F.S.A.
Before continuing the discussion we should refer to Sec. 7, Art. X of the Constitution dealing with taxation of homesteads. As amended at the general election of 1938 the pertinent provisions are that owners of title to homesteads are "entitled to an exemption from all taxation, except for assessments for special benefits, up to the assessed valuation of Five Thousand Dollars * * *."
As applied to the facts of this case, the legislature was undertaking to assess taxes for prevention of fire and protection from fire against all property including homesteads and in doing so used language clearly indicating that the overall plan was this prevention and protection whether or not the money to be collected through the county commissioners and the taxing officials was to be categorized as special assessments or taxes. We say this because in several places in the law (Sec. 20) this revenue is called a tax while in another section there is a determination and declaration that the "special assessment taxes" are "special assessments for special or peculiar benefits accruing to the properties" within the district.
Despite the provision quoted in the first paragraph of this opinion referring to the levy of a tax against property including homesteads, it is later found in the act that such a levy shall be made on "taxable property, including homesteads, to the *746 extent that taxes may be lawfully levied upon homesteads * * *." (Italics supplied.) This was obviously a modification of the first provision and leads us definitely to the view that if it is a tax as distinguished from a special assessment, the legislature meant that homesteads would stand their share on valuations above and beyond the sum of $5000.
We agree with the learned circuit judge that the levy is a tax and not a special assessment for the reason he gave, namely, that no parcel of land was specially or peculiarly benefited in proportion to its value, but that the tax was a general one on all property in the district for the benefit of all. Our view harmonizing with that of the circuit judge, it follows that we also accept his conclusion that the first $5000. of each homestead is exempt because only in the case of special assessments could it be reached.
To be legal, special assessments must be directly proportionate to the benefits to the property upon which they are levied and this may not be inferred from a situation where all property in a district is assessed for the benefit of the whole on the theory that individual parcels are peculiarly benefited in the ratio that the assessed value of each bears to the total value of all property in the district. This point was definitely settled by this court in Fisher v. Board of County Commissioners of Dade County, supra.
We are fully aware of the effort of the appellant to secure a ruling that Chapter 59-1806, supra, was constitutional and have the court decide whether the District could assess and collect "taxes" against the homesteads of the appellees. The circuit judge, as we have seen, decided the latter question. True, he did not determine whether the chapter as a whole was or was not constitutional, but he passed upon the only part of it that was necessary to be tested in this litigation when he said that the provisions of the act purporting to grant power to levy on the first $5000. of the homesteads violated Sec. 7, Art. X of the Constitution.
This ruling gave this court jurisdiction, as we held in a similar situation. Stadnik et al. v. Shell's City, Inc., 140 So.2d 871.
Affirmed.
ROBERTS, C.J., and TERRELL, DREW, THORNAL, O'CONNELL and CALDWELL, JJ., concur.