221 So.2d 740 (1969)
FIRE DISTRICT NO. 1 OF POLK COUNTY, Public Corporation, Fred O. Dickinson, As Comptroller of the State of Florida, and Hobson Strain, As Tax Collector of Polk County, a Political Subdivision of the State of Florida, Appellants,
v.
William JENKINS, Jr., Appellee.
No. 37719.
Supreme Court of Florida.
April 16, 1969.
Quillian S. Yancey, Lakeland, for appellant Fire District No. 1 of Polk County.
John H. Dewell, Haines City, for appellants Fred O. Dickinson and Hobson Strain.
Robert L. Trohn, Lakeland, for appellee.
ADKINS, Justice.
This appeal is from a judgment of the Circuit Court declaring unconstitutional that portion of Section 4, Chapter 63-1824, Laws of Florida, which empowers Fire District No. 1 of Polk County to levy special assessments against mobile home rental spaces at a rate not to exceed four dollars ($4.00) per year per rental space. The Fire District was organized pursuant to the provisions of the above Special Act, Section 4 of which provides as follows:
"The said district shall have the right, power and authority to levy special assessments against each parcel of real estate situated in said district upon which there is, on January 1 of each year, situated a building or structure of any kind. The rate of such assessment shall be fixed by resolution of the board of commissioners on or before August 15 of each year and shall in no event exceed the sum of seven dollars and fifty cents ($7.50) per dwelling or commercial unit. Mobile home rental spaces situated on any parcel of land shall be assessed not to exceed four dollars ($4.00) per year per rental space within the district. Provided, that no property which is already under fire protection by contract shall be subject to the taxes authorized herein, until such time as the district has established an accredited fire department, accreditation to be by the national board of fire underwriters."
*741 Section 8 of this Act authorizes the Board of Commissioners of the Fire District to levy annually against all taxable real property included within the district an ad valorem tax not to exceed one (1) mill. The area of the Fire District was described in Section 1 of the Act and designated "Fire District No. 1 of Polk County." The Appellee, plaintiff below, is the owner of a mobile home trailer park located just outside the City of Lakeland, Polk County, Florida, but wholly within the boundaries of the Fire District. The trailer park consists of the private home of Jenkins and more than 100 parcels or rental spaces, each approximately 40 x 100 feet in size. On each parcel is a concrete slab together with the necessary facilities to connect any mobile home placed thereon to water, sewerage and electricity. In the years 1964 to and through 1967 the Fire District levied a special assessment tax varying from four dollars ($4.00) to two dollars and fifty cents ($2.50) against each individual parcel. The taxes so levied were paid by Jenkins under protest.
Jenkins filed his complaint in the Circuit Court contending that the special assessment provisions of the Act violated Article IX, Section 13 of the Florida Constitution, F.S.A., relating to assessment of mobile home spaces and that the Act in its application to mobile home parks was arbitrary, confiscatory, discriminatory and disproportionate. Jenkins sought a refund of the assessment previously paid, plus interest, and an injunction prohibiting the Fire District from levying special assessments pursuant to the above Special Act upon his mobile home rental spaces. The lower court granted Jenkins the relief he sought, finding and holding as follows:
"1. That under the Act, a trailer space is the property to be taxed or specially assessed, and the trailer space as such derives no benefit from fire protection, the only benefit being to the trailer or mobile home, if any, situated in the space.
"2. That the Act singles out one category of commercial enterprise, that is mobile home parks, without consideration of benefit derived.
"3. That the provision of Section 4 of the Special Act creating Fire District No. 1 of Polk County insofar as it attempts to levy special assessments against mobile home rental spaces within the district at a rate not to exceed four dollars ($4.00) per rental space is arbitrary, discriminatory and disproportionate to any benefit derived by such mobile home spaces.
"4. That the plaintiff is entitled to a refund of said special assessments paid in 1964 and subsequent years under the provision of Chapter 63-1824, described in the preceding paragraph."
Chapter 63-1824 authorizes a levy not to exceed one (1) mill annually against "all taxable real property included within the district." In addition to the one (1) mill, the owner may be required to pay the sum of not more than seven dollars and fifty cents ($7.50) per dwelling or commercial unit and the owners of mobile home rental spaces not to exceed four dollars ($4.00) per year per rental space. In other words, the trailer space receives less benefit than any type of dwelling or commercial unit, and the commissioners are authorized to assess any amount less than four dollars ($4.00) per space. In fact, this has been done.
On the question of to what extent property may be said to be specially benefited by the creation and operation of a Fire District, much may be said. Fire protection and the availability of fire equipment afford many benefits.
Fire Insurance premiums are decreased; public safety is protected; the value of business property is enhanced by the creation of the Fire District; a trailer park with fire protection offers a better service to tenants, which would reflect in the rental charge of the spaces. It is not necessary that the benefits be direct or immediate, but they must be substantial, certain, and capable of being realized within a reasonable time. Vacant or unimproved *742 lands have been declared not to be immune from special sewer assessments, the benefit of the improvement being to the realty itself and not to the buildings thereon. See Meyer v. City of Oakland Park, Florida, (Opinion filed February 26, 1969) 219 So.2d 417.
This Court in Martin v. Dade Muck Land Co., 95 Fla. 530, 116 So. 449, 464, said:
"All forms of special assessments for local public improvements or facilities must have fair relation to benefits that reasonably may be expected to accrue to the value or to the uses of the property so specially assessed; and such special assessments must not, by reason of arbitrary action or unjust discrimination or otherwise, violate the due process or equal protection or other provisions of organic law. Where the public improvements contemplated, and the method of the special assessments and the anticipated benefits, are determined by direct legislative enactment, such determinations will not be disturbed by the courts, unless an abuse of power or purely arbitrary and oppressive action is clearly shown in appropriate proceedings duly taken by parties who have not acquiesced in the action taken and have not abandoned or waived their rights, and who are otherwise entitled to complain. Administrative determinations under legislative authority as to improvements to be made and as to the method, rate, or amount of special assessments to be imposed, or as to contemplated benefits to and the apportionment of burdens on, the property so specially assessed, are not conclusive; but such administrative determinations, when regularly made, will be given due weight and consideration by the courts in determining by appropriate procedure duly taken, whether the authority conferred has been properly exercised and whether private rights have been unlawfully invaded."
The basis of apportionment upon the property subject to special assessment in this case is without unjust discrimination among those specially assessed, nor are the assessments burdensome and oppressive in their operation upon the lands affected.
It is also contended that the special assessment was illegal in that the amount determined was based upon the budgetary requirement of the Fire District and no effort was made to determine the relative fire hazard involved in mobile home parks as opposed to other uses. The Fire District is not permitted to make a profit upon the transaction; that is, to commercialize the power of taxation which must be exercised only for the public necessity or convenience. The budgetary requirements would be the measure of the value or benefit which is to be apportioned among the properties benefited. This involves the exercise of judgment which was determined by the legislative authority. See Atlantic Coast-Line Railroad Company v. City of Lakeland, 94 Fla. 347, 115 So. 669, Text 676 (1928).
Appellee Jenkins has failed to show that the legislative determination was arbitrary or oppressive.
The special assessment in this case is levied against the real estate. There is no tax levied against the mobile homes, trailers, or house trailers which may use the trailer park. Article IX, Section 13, Florida Constitution, does not prohibit the levy of ad valorem tax or special assessment upon the real estate being used as a trailer park.
The judgment of the lower court is reversed, and the cause is remanded with directions that the complaint be dismissed with prejudice.
ERVIN, C.J., and ROBERTS, THORNAL, and BOYD, JJ., concur.
DREW, J., dissents with Opinion.
CALDWELL (Retired), J., dissents and concurs with DREW, J.
*743 DREW, Justice (dissenting).
The judgment of the trial court quoted in the majority opinion was based upon a rather extensive record and was preceded by the following findings of fact:
"The facts in this case are in large measure beyond dispute. The defendant fire commissioners admit that there is no real or substantial fire hazard to a mobile home rental space as such, the space being non-flamable. They admit that the Act as it relates to mobile home rental spaces is in reality directed at the mobile homes or trailers themselves and that the trailers are the real recipients of any benefits or fire protection. The commissioners further admit that the sole criteria for determining the amount of assessment to be placed against the mobile home spaces was the budgetary requirement of the Fire District and that no effort was made to determine the relative fire hazard involved in mobile home parks as opposed to other uses. The Act makes no provision for the rating of structures or evaluation of benefits according to use of property within the district and no distinctions are made between residential and commercial uses. Mobile home parks are singled out from every other residential or commercial land usage within the district for a different and, in application, higher rate of assessment, without any attempt to correlate this distinction to benefit."
Being of the view the questioned decree is correct and free of error, I would affirm.
CALDWELL (Retired), J., concurs.