SPECTOR, Chief Judge.
Appellant seeks reversal of a judgment restraining him as tax collector from attempting to collect an occupational license tax from the appellees in connection with the schools operated by the latter.
At issue is the interpretation of the phrase “for profit” found in the taxing statute, Section 205.491, Florida Statutes, F.S.A., and its municipal counterpart, Ordinance No. 69-515-387, each of which is substantially alike and provides :
“Every person engaged in the business of operating a school, college or other educational or training institution for profit shall pay a license tax. . . . ” (Emphasis supplied)
*91 This litigation was initiated by appellees’ action for declaratory judgment to determine their liability for the tax sought to be collected by appellant and for injunctive relief. Appellant filed an answer contending the schools were subject to the tax and counterclaimed for an injunction to restrain the operation of appellees’ schools until they paid the tax claimed.
Judge Sack, the able trial judge, held in his well written opinion that the schools in question were not operated “for profit” within the meaning of that phrase in the taxing statute and ordinance. We agree and adopt Judge Sack’s opinion as ours and set forth said opinion herein excluding only the formal portions:
“The sole question presented by this injunction suit is whether the plaintiffs are liable for the payment of an occupational license tax under Section 205.491, Florida Statutes, F.S.A., and its counterpart Municipal License Tax, under Ordinance No. 69-515-387, each of which is substantially alike and provides, ‘Every person engaged in the business of operating a school, college or other educational or training institution for profit shall pay a license tax . . . ’. (Emphasis supplied.)
“The key phrase is 'for prof if; and requires an objective determination as to whether the operation of the plaintiffs’ schools are embraced within that term. If not, the plaintiffs would be exempt from the payment of such tax.
“From the evidence and stipulations of the parties it is clear that the plaintiffs, as religious organizations not for profit, operate the schools under the authority of and as an integral part of the church organization. The schools, although making a charge for tuition, operate at a substantial deficit, which is made up from the church funds, and this has been the history of their operation as far back as can be recalled. Except for salaries to teachers and maintenance employees, no part-of the income accrues to any trustee, vestryman, warden or to the bishop. There is no profit in the sense of excess of income over disbursements, nor any increment to the church, church’s schools or members of the church, and there is no accession from labor, management, or other industry, nor has it ever intended to be, nor under its present form of operation can it ever be.
“The defendant Tax Collector relies entirely upon Miami Beach College [Corp.] v. Tomlinson ([143] Fla. [57]) 196 So. 608, and an analysis of this case is necessary to a proper understanding of what was actually decided in Miami Beach College. The concurring opinion of Mr. Justice Buford highlights the facts disclosed by the record in that case, in its concluding paragraph:
‘It appears to me that the owners and operators of the school involved are engaged in the business of operating a private school in which they charge tuition for the services rendered their patrons; the school is operated for the purpose of producing a livelihood for the owners and operators thereof, and that it makes no difference whatever whether it is organized as an ordinary business corporation or “a corporation not for profit”, or as a partnership, the result is all the same and the appellant comes within the purview of the statute and the ordinance cited in the majority opinion.’ (Emphasis supplied)
“The Tax Collector also points to the' several opinions by the Attorney General, rendered in 1969 and 1970. However, these opinions, relating to the operation of a kindergarten by a Baptist church, lend no support to the defendant’s position. In his opinion of December 1, 1969, the Attorney General said: ‘Assuming the kindergarten in question is in fact non-profit as stated in your letter, it would apparently be excluded from the tax imposed by the statute.’ In his subsequent opinion of January 13, 1970, the Attorney General hedged on his earlier opinion, and stated:
‘Under the law referred to in the opinion neither church nor charity affilia *92 tion, nor the lack of net revenue, nor the fact of nonprofit corporate organization, can be conclusive on the question of whether an operation is “for profit,” which instead depends, as stated, on an objective evaluation of facts to determine if there is involved any “increment” from labor or investment within the terms of the Supreme Court ruling cited.
I have examined the letter from Mr. Buckman enclosed by you and agree that the furnishing of kindergarten services for a tuition charge would constitute an operation at least prima facie within the terms of the statute.’
“Notwithstanding, the position of the Tax Collector is that the mere exaction of a tuition charge is conclusive of an operation ‘for profit’, and not merely prima fa-cie proof. An objective evaluation of all the evidence in this case impels the conclusion that it is materially different from Miami Beach College and that the operation of the schools is not ‘for profit’, either in law or in fact. In discussing a similar situation in Institute of Holy Angels vs. Bender, Collector, 79 N.J.L. 34, 74 Atl. 251, the Supreme Court of New Jersey, considered the arguments proposed here by the defendant and rejected them in these words:
‘Indeed, an examination of the act under which the Institute of Holy Angels is incorporated shows that the Legislature did not contemplate that corporations under that act should be commercial enterprises. As pointed out in the prosecutor’s brief, there is no provision for capital stock, nor for distribution of profits. It is not unlike a religious corporation, or other society not for pecuniary profit. The contention of the defendant is that the school is conducted for profit, because a tuition fee is required, and a charge is made for board of the pupils. But clearly the charge for board would not make the school one conducted for profit, unless it was shown, as it is not, that the charge was in excess of the cost. We do not mean to say that, even if that had been proved, it would suffice to bring the school within the words of the statute. It is not enough that a profit should be made. The school must be conducted for the purpose of making a profit; i.e., as a commercial enterprise, in order to be deprived of its exemption. The argument is quite as clear in the case of the charge for tuition as in case of the charge for board. Unless the tuition charges are so fixed as to evince a purpose to make a profit over and above the cost of tuition, the school is exempt.’ ”
Accordingly, the judgment reviewed herein is affirmed.
CARROLL, DONALD K., and RAWLS, JJ., concur.