QUESTION:
May a county or municipality impose ad valorem property taxes, under the guise of service fees, on a home for the aged exempt from ad valorem taxation by the state legislature pursuant to s.196.197, F.S., as amended by Chs. 73-340 and 73-344, Laws of Florida?
SUMMARY:
A municipality or county may not levy ad valorem taxes on qualified tax exempt homes for the aged because Art. VII, s. 3(a), State Const., and s. 196.197, F.S., exempt such homes from ad valorem taxation, and such levy may not be accomplished in the guise of service charges in lieu of ad valorem taxes because a county or municipality may not do indirectly what cannot be done directly. Service charges, even though not in the guise of ad valorem taxes, nevertheless may not be imposed by municipalities on qualified tax exempt homes for the aged for general police and fire protection because such protection is a governmental duty owed to the public at large and compensation cannot be exacted by contract from one individual organization or citizen for the performance of such public duties or functions imposed on the municipalities by law. A municipality may not impose service charges in the form of a "user charge or fee" on qualified tax exempt homes for the aged for general police and fire protection because such user charges are not and do not purport to be for the use of any city facility. A municipality may not impose a service charge in the form of a "regulatory fee" on qualified tax exempt homes for the aged for general police and fire protection because such service charges are not and do not purport to be regulatory fees and are not commensurate with the cost of any regulatory activity authorized by law. Counties may impose service charges and special assessments on qualified tax exempt homes for the aged, along with other persons and properties, for providing police and fire protection if located within duly established special purpose districts provided by and pursuant to s.125.01(1)(q), F.S.
In your letter you note that some cities are requiring homes for the aged, which qualify for ad valorem property tax exemption pursuant to s. 196.197, F.S., to pay "service fees" in lieu of ad valorem taxes to cover the cost of fire and police protection and that such service fees range from two thousand dollars to thirty thousand dollars annually.
On the facts as stated in your inquiry, your question is answered in the negative with the qualifications as stated below.
Article VII, s. 3(a), State Const., provides: "Such portions of property as are used predominantly for educational, literary, scientific, religious or charitable purposes may be exempted by general law from taxation."
Pursuant to the aforesaid s. 3(a), the legislature enacted s.196.197, F.S., to exempt certain property utilized as "hospitals, nursing homes, homes for special services, and homes for the aged" from ad valorem taxation. Indeed, in the Municipal Home Rule Powers Act (Ch. 73-129, Laws of Florida), this exemption is implicitly recognized:
"Pursuant to article VII, section 9 of the state constitution, a municipality is hereby authorized, in a manner not inconsistentwith general law, to levy ad valorem taxes on real and tangible personal property within the municipality . . . . (Emphasis supplied.) Part III, Ch. 73-129, Laws of Florida (s. 166.211[1], F.S.)."
Also, s. 125.01(1)(r), F.S., provides that the governing body of a county shall exercise its power to tax in such manner, and subject to such limitations, as may be provided by general law. Thus, a municipality or county may not levy an ad valorem tax on qualified tax exempt homes for the aged.
Furthermore, municipalities or counties may not impose ad valorem taxes in the guise of service fees upon exempt property because they may not do indirectly what cannot be done directly. Solomon v. City of Miami Beach, 187 So.2d 373 (3 D.C.A. Fla., 1966), cert. denied, 196 So.2d 927 (Fla. 1967).
Although the Constitution (Art. VII, s. 3[a], supra), and s.196.197, supra, provide for exemption of homes for the aged from ad valorem taxes, neither exempts homes for the aged from other forms of taxation or charges, e.g., excise or license taxes or special assessments. City of West Palm Beach v. Amos, 130 So. 710
(Fla. 1930); Miami Beach College Corporation v. Tomlinson,196 So. 608 (Fla. 1940); Willis v. Morgan, 176 So.2d 73 (Fla. 1965); Fire District No. 1 of Polk County v. Jenkins, 221 So.2d 740 (Fla. 1969); Lainhart v. Catts, 75 So. 47 (Fla. 1917); Bannerman v. Catts, 85 So. 336 (Fla. 1920); AGO 061-180; and cf., AGO 073-352. I therefore must determine whether a municipality may simply impose a pure service fee on homes for the aged, a "user charge or fee," or a "regulatory fee" for police and fire protection.
Service is defined as the performance of labor or production either for the benefit of another or at another's command. Kennedy v. Westinghouse Elec. Corp., 101 A.2d 592 (Super.Ct. N.J. 1953); Faul v. C.I.R., 263 F.2d 645 (9th Cir. 1959). Services performed by a city pursuant to law in providing police and fire protection are governmental duties owed to the public. [See] 62 C.J.S. Municipal Corporations s. 128. As stated in Fire District No. 1 of Polk County, supra, a governmental body may not commercialize the power of taxation which must be exercised only for public necessity or convenience. Neither may a city expressly or by implication enter into a contract under which it exacts compensation from a citizen for the performance of a public duty imposed on it by law, e.g., police and fire protection. [See] 10 McQuillin, Municipal Corporations, s. 29.08, pp. 247-248; Green v. City of Rock Hill, 147 S.E. 346 (S.C. 1929). Indeed, fire protection is ordinarily held in Florida to be a general benefit to all citizens or property within a governmental unit rather than a special benefit. St. Lucie County-Fort Pierce Fire P. C. Dist. v. Higgs, 141 So.2d 744 (Fla. 1962); cf., South Trail Fire Control Dist., Sarasota Cty. v. State, 273 So.2d 380 (Fla. 1973). I therefore conclude that a municipality may not impose a service charge on homes for the aged for providing police and fire protection because such fees are necessarily contractual or quasi-contractual in that they offer a special service in exchange for a fee and a municipality is without power to contract expressly or impliedly with one member of the public to charge for and discharge a governmental duty owed to the public at large and for the benefit of all.
There remains some concern over whether the Municipal Home Rule Powers Act may grant to a municipality the power to impose the service fees you have described on homes for the aged as a user charge or regulatory fee. The relevant statutory provisions are as follows:
"A municipality may raise, by taxation and licenses authorized by the constitution or general law, and by user charges or fees,authorized by ordinance, amounts of money which are necessary for the conduct of municipal government . . . . (Emphasis supplied.) Part III, Ch. 73-129, General Laws of Florida [s. 166.201, F. S.]."
A municipality may levy reasonable business, professional and occupational regulatory fees, commensurate with the cost of the regulatory activity including consumer protection . . . . (Emphasis supplied.) Part III, Ch. 73-129, General Laws of Florida [s. 166.221, F.S.].
As to s. 166.201, supra, "user charges or fees" connote fees or charges for the use of city facilities by a consumer-taxpayer or the public. From the facts you have presented, the service charges are not imposed for the use of any city facility; rather they are imposed for general police and fire protection. Since the use of city facilities by homes for the aged or their inmates is not involved in your factual situation, I therefore conclude that these service fees are not user charges or fees within the meaning of the aforesaid s. 166.201 and consequently may not be imposed as user charges or fees on homes for the aged for general police and fire protection.
Regarding regulatory fees, s. 166.221, supra, requires such fees to be reasonable in amount and commensurate with the cost of the regulatory activity. The service fees you have described do not appear or purport to be regulatory fees whatsoever. Neither do they appear to be commensurate with the cost of any regulatory activity authorized by law. Cf., Finlayson v. Conner,167 So.2d 569 (Fla. 1964); Volusia County Kennel Club v. Haggard,73 So.2d 884 (Fla. 1954), cert. denied, Lane v. Volusia County Kennel Club,75 S.Ct. 87, 348 U.S. 865, 99L.Ed. 681; and State ex rel. James v. Gerrell, 188 So. 812 (Fla. 1938). I therefore conclude that such service fees as you have described are not regulatory fees within the ambit of the above-quoted s. 166.221.
As to the power of counties to charge or tax for police and fire protection, s. 125.01, F.S., provides as follows:
"(1) The legislative and governing body of a county shall have the power to carry on county government. To the extent not inconsistent with general or special law, this power shall include, but shall not be restricted to, the power to:
* * * * *
(q) Establish . . . special purpose districts . . . within which may be provided fire protection, law enforcement . . . from funds derived from service charges, special assessments, or taxes within such district only.
(r) Levy and collect taxes and special assessments . . . which power shall be exercised in such manner, and subject to such limitations, as may be provided by general law . . . ."
I have previously concluded, supra, that a county may not impose ad valorem taxes on qualified tax exempt homes for the aged since they are exempted from such by the State Constitution (Art. VII, s. 3[a], supra), and s. 196.197, F.S. This exemption is implicitly recognized by s. 125.01(1)(r), supra. I have also concluded, supra, that a county may not impose ad valorem taxes in the guise of service fees upon qualified tax exempt homes for the aged. However, service charges and special assessments may be imposed on such organizations and on the property of such homes along with other property located within special purpose districts for the providing of police and fire protection within such districts, pursuant to s. 125.01(1)(q), supra. Of course, such service charges or special assessments may not be arbitrary, unreasonable, or discriminatory and must be based on a reasonable classification. Cf., Segal v. Simpson, 121 So.2d 790 (Fla. 1960); State v. Simpson, 166 So. 227 (Fla. 1935); South Trail Fire Control Dist., Sarasota Cty. v. State, supra; Fire District No. 1 of Polk County v. Jenkins, supra. Thus, counties may not levy ad valorem taxes on the property of qualified tax exempt homes for the aged, but may collect from them, along with other persons and properties, service charges or special assessments for providing police and fire protection within duly established special purpose districts pursuant to s. 125.01(1)(q).