QUESTION:
1. Are special taxing districts (drainage, flood control, lighting, etc.) that levy a tax for special benefits subject to the provisions of s. 8, Ch. 73-172, Laws of Florida, required to pay for services rendered by the county assessor in an amount equal to their proportionate share of the total taxes collected for the preceding year?
2. If question 1 is answered in the negative, are those special taxing districts that are excluded from the provisions of s. 8, Ch. 73-172, Laws of Florida, required to pay any part of the approved budget of the assessor's office for rendering services to such special taxing districts?
SUMMARY:
Generally, special taxing districts which levy assessments on a basis other than ad valorem for special benefits are not subject to the provisions of s. 8, Ch. 73-172, Laws of Florida [s.192.091(1), F.S.], and are not required by that section to pay for services rendered by the county assessor in an amount equal to their proportionate share of the total ad valorem taxes collected for the preceding year. However, when so-called ad valorem assessments are, in fact, in the nature of ad valorem taxes for special purposes, the district levying such assessments or taxes and receiving services from the assessor would be subject to the requirements of s. 8, Ch. 73-172, unless specifically exempted by that section or s. 192.091(5), F.S. Nevertheless, the assessor would be under a duty to render services to any district levying special assessments as required by law regardless of the lack of a statutory fee or means of reimbursement. If a statute creating such special district provides for a commission or fee for special services rendered by the tax assessor, the district should compensate or reimburse the office of the tax assessor as prescribed by such law, with all such payments being credited to the general budget of the office of the tax assessor and subject to applicable disbursement provisions of s. 218.36(2), F.S.
It should be noted that question 1 above refers to special taxing districts which "levy a tax for special benefits." For the purpose of this opinion, however, it appears that you are referring to assessments for special benefits or special assessments (which are synonymous, see AGO 068-85) and the question will be so treated.
Section 8 of Ch. 73-172, Laws of Florida, amends s. 192.091(1), F.S., to read as follows:
"(1)(a) The budget of the assessor's office as approved by the department of revenue shall be the basis upon which the several tax authorities of each county (except municipalities and the district school board) shall be billed by the assessor for services rendered. Each such taxing authority shall be billed an amount equal to its proportionate share of the total ad valorem taxes collected for the preceding year; provided, that all municipal and school district taxes shall be considered as taxes levied by the county for purposes of this computation. (b) Payments shall be made quarterly by each such taxing authority. The assessor shall notify the various taxing authorities of his estimated budget requirements and billings thereon at the same time as his budget request is submitted to the department of revenue pursuant to s. 195.087 and at the time he receives final approval of his budget by the department. * * * * * (5) Provided, that the provisions of this section shall not apply to commissions on intangible property taxes or drainage district or drainage subdistrict taxes. . . ."
In summary, this sets out the basis for billing by the assessor of tax authorities within the county and sets "an amount equal to its proportionate share of the total ad valorem taxes collected for the preceding year" as the amount billed.
A special taxing district may levy a special assessment or assessment for special benefits which may be of several different types. It may levy a so-called ad valorem assessment for local public improvements upon all lands in a taxing district formed by statute to provide for improvements that are of general and common benefit to the district as a whole, such levy being more properly characterized as an ad valorem tax for special purposes rather than as a special assessment on an ad valorem basis. Martin v. Dade Muck Land Co., 116 So. 449 (Fla. 1928); Bair v. Central and Southern Florida Flood Control District, 144 So.2d 818 (Fla. 1962); cf. St. Lucie-Fort Pierce Fire Prevention and Control District v. Higgs, 141 So.2d 744 (Fla. 1962). The distinction between an ad valorem tax for general governmental purposes and a special assessment has been made clear by the Florida Supreme Court. Klemm v. Davenport, 129 So. 904 (Fla. 1930); Lainhart v. Catts, 75 So. 47 (Fla. 1917); State ex rel. Logan v. Raulerson,151 So. 384 (Fla. 1933).
Under the language of s. 192.091, F.S., and subject to the limitations of s. 192.091(5), tax authorities or districts (other than municipalities or school districts) which levy ad valorem assessments, or ad valorem taxes for special purposes, which are in the nature of ad valorem taxes and for which the assessor renders services, would properly be billed an amount equal to their proportionate share of the total ad valorem taxes collected for the preceding year, and the taxes (or "ad valorem assessments") collected would be properly included in the total ad valorem taxes so collected.
Where, however, the assessment is a true special assessment based on some criteria such as acreage or footage (see, e.g., s. 298.29, F.S.), and is not on an ad valorem basis, it is my opinion that it cannot be considered an ad valorem tax and therefore a district levying such special assessments has no "proportionate share of the total ad valorem taxes" and therefore cannot be billed under Ch. 73-172, supra, for services rendered by the assessor. It should be noted that the lack of a statutory fee or means of reimbursement would not preclude the assessor from rendering statutorily required services even though he received no fee. See AGO 073-77. Of course, if the act creating the special district provides a commission or rate of payment, that would be the basis for payment. See AGO 070-135.
When a statute also provides for the commissions to be paid directly to the assessor as additional compensation for "special services" as in the case of drainage districts (see, e.g., s.298.401(2), F.S.), that portion of the provision would be inoperative, having been repealed as it would conflict with s.145.17, F.S., prohibiting certain county officials, including tax assessors, from accepting any additional personal compensation for official duties and s. 13, id., which repeals all general or special laws to the extent that they require, authorize, or permit any such county official to receive other compensation "for the execution of his powers, functions and official duties." Attorney General Opinion 073-442. In such a case, the payment should be credited to the general budget of the tax assessor, and subject to any applicable disbursement provisions. See s. 218.36(2), F.S.