J. T. Landress Highlands County Tax Collector Sebring
QUESTIONS:
1. Is the Highlands County Tax Collector entitled to a commission pursuant to s. 192.091(2)(c), F. S., for collecting and remitting special assessments levied against benefiting property pursuant to county ordinances Nos. 76-2 and 76-3, for the Sebring Manor Special Benefit District and the Avon Park Lakes Special Benefit District?
2. If question 1 is answered in the negative, would it be proper for a county tax collector to charge each special benefit district a reasonable fee to help defray the administrative costs involved in collecting and remitting these special assessments?
SUMMARY:
Special assessments levied by special taxing districts and based on the footage or some other criteria of the benefited lots located within the special districts, rather than on an ad valorem basis, are not real or tangible personal property taxes or license taxes within the meaning of s. 192.091(2)(c), F. S., and the county tax collector would not be entitled to a commission pursuant to the provisions of s. 192.091(2)(c) for collecting and remitting these special assessments. Nor would it be proper for the county tax collector to charge each special district a reasonable fee to help defray the administrative costs involved in collecting and remitting these special assessments, as public officers have no legal claim for official services rendered, except when, and to the extent that, compensation is provided by law, and no law exists which would empower the county tax collector to charge a fee to help defray the costs of collecting and remitting these special assessments.
AS TO QUESTION 1:
Section 5(c), Art. II, State Const., provides that `the powers, duties, compensation and method of payment of state and county officers shall be fixed by law.' (Emphasis supplied.) Similarly, the Florida Supreme Court has held that the fees or compensation for official services of public officers must be fixed by law. Bradford et al. v. Stoutamire, 38 So.2d 684 (Fla. 1948). The county ordinances in question are not laws and, in any event, do not provide for any compensation to the Highlands County Tax Collector for collecting and remitting the special assessments levied pursuant to the ordinances.
It is also the settled law of this state that public officers have no legal claim for official services rendered, except when, and to the extent that, compensation is provided by law, and, when no compensation is so provided, the rendition of such service is deemed to be gratuitous. Rawls v. State, 122 So. 222 (Fla. 1929); Brown v. St. Lucie County, 153 So. 906 (Fla. 1934); State v. Reardon, 154 So. 868 (Fla. 1934); Gavagan v. Marshall,33 So.2d 862 (Fla. 1948).
The Legislature has provided for the compensation of county tax collectors in s. 192.091(2), F. S., which provides that county tax collectors shall receive commissions on all real and tangible personal property taxes collected and remitted, at rates varying according to the tax involved and the amount collected. Section192.091(2) states, in part, as follows:
 (2) The tax collectors of the several counties of the state shall be entitled to receive upon the amount of real and tangible personal property taxes, and licenses, collected and remitted, the following commissions:
(c) On each taxing district:
 1. Three percent on the amount of taxes levied on an assessed valuation of $50 million; and
2. Two percent on the balance.
Whether your office would be entitled to a commission under the provisions of s. 192.091(2)(c), F. S., for collecting and remitting the assessments levied against benefiting property pursuant to County Ordinances Nos. 76-2 and 76-3 must be determined by whether the assessments are real or tangible personal property taxes or licenses within the meaning of s.192.091(2), F. S.
True special assessments based on some criteria such as acreage or footage and not on an ad valorem basis are not taxes. Klemm v. Davenport, 129 So. 904 (Fla. 1930); Lainhart v. Catts, 75 So. 47
(Fla. 1917); State ex rel. Logan v. Raulerson, 151 So. 384 (Fla. 1933); AGO 074-78. Therefore, as the special assessment taxes involved here are not assessed on an ad valorem basis but rather are based on the footage of the benefited lots located within the special districts, they are not real or tangible personal property taxes under the language of s. 192.091(2)(c), F. S.
The classification of the taxes in question here as special assessments rather than ad valorem taxes is further supported by the case of City of Naples v. Moon, 269 So.2d 355 (Fla. 1972). The Supreme Court of Florida was presented in this case with the question of whether the tax imposed on property by a special act establishing a parking authority was a special assessment or an ad valorem tax. The court ruled that even though published notice of the legislation establishing the parking authority stated that the purpose of the legislation was to grant power to a city parking authority to levy an ad valorem tax, and various sections of the special act suggested an ad valorem tax system, where the notice of legislation also stated that the tax would be levied in proportion to the amount of floor space of each improved property, its relation to parking lots acquired by the parking authority, and the amount of property presently provided by the property owners, the tax was properly classified as a special assessment and not an ad valorem tax.
It should also be noted that under s. 192.091(2)(c), F. S., no provision is made for compensating a tax collector for the collection of `licenses,' as it is under s. 192.091(2)(b). Further, license taxes may be authorized only by law and must be levied in accordance therewith. See s. 9(a), Art. VII, State Const.
Therefore, it is my opinion that the special assessments levied pursuant to Highlands County Ordinances Nos. 76-2 and 76-3 cannot be considered real and tangible personal property taxes or license taxes and your office would not be entitled to a commission pursuant to the provisions of s. 192.091(2)(c), F. S., for collecting and remitting these special assessments.
AS TO QUESTION 2:
Your second question concerns whether a county tax collector may charge each special benefit district a reasonable fee to help defray the administrative costs involved in collecting and remitting the special assessments levied against each special benefit district.
As I stated earlier in my opinion, public officers have no legal claim for official services rendered, except when, and to the extent that, compensation is provided by law, and, when no compensation is so provided, the rendition of such service is deemed to be gratuitous. Rawls v. State, supra. My research reveals no constitutional or statutory provision which would empower a county tax collector to charge a fee to help defray the costs of collecting and remitting these special assessments. Nevertheless, it should be noted that the lack of a statutory fee or means of reimbursement would not excuse a county tax collector from rendering statutorily required services even though he received no fee. See AGO 073-77.
Prepared by: Cecil L. Davis, Jr., Assistant Attorney General