641 So.2d 900 (1994)
SARASOTA COUNTY, Appellant,
v.
SARASOTA CHURCH OF CHRIST, INC.; Mt. Moriah Christian Church; Northside Christian Church of Christ; Faith Baptist Church/Nikomis; Gulf Coast Tabernacle, Inc.; Englewood Assembly of God; Calvary Bible Church; Christ Lutheran Church; and Liberty Baptist Church, Appellees.
No. 93-01902.
District Court of Appeal of Florida, Second District.
June 24, 1994.
Rehearing Denied September 6, 1994.
*901 Richard E. Nelson, Richard L. Smith and Michael S. Drews of Nelson, Hesse, Cyril, Smith, Widman, Herb, Causey & Dooley, Sarasota, and Robert L. Nabors, Gregory T. Stewart and Sarah M. Bleakley of Nabors, Giblin & Nickerson, Tallahassee, for appellant.
Stephen F. Ellis and I.W. Whitesell, Jr., Sarasota, for appellees.
PER CURIAM.
Appellant, Sarasota County, challenges a final judgment in a class action lawsuit that declared invalid, as to members of the class, the special assessments levied for appellant's Stormwater Environmental Utility pursuant to Sarasota County Ordinance No. 89-117. Appellees, as members of the class, cross-appeal the same final judgment insofar as it validates special assessments levied by appellant for fire and rescue services. The class represented by appellees consists of religious organizations or entities owning real property within Sarasota County and used exclusively for religious purposes. We affirm on both the appeal and cross-appeal. In doing so, we observe that the issues have been clearly presented and delineated both here and in the trial court. Likewise, the trial judge has well articulated and addressed the issues in the final judgment. When presented with such a final judgment for review, we find no need to re-survey the same ground or re-state or plagiarize Judge Whatley's efforts. Therefore, in affirming the judgment as amended, we quote extensively from it and, with certain minor modifications, approve and adopt it as our own as follows:
The issues in this case are whether Churches should pay for fire and rescue services and stormwater management services which are levied as special assessments. Churches are exempt from taxation[1], but subject to payment of special assessments. The Plaintiff, Churches, have timely protested any such payment for the special assessments at issue in this cause... . The Plaintiff, Churches, have therefore exhausted all administrative remedies so as to allow them to move to this judicial forum.
Few would argue, and these churches do not, that Churches should [not] pay for special assessments that are in the form of improvements abutting or contiguous to church property and providing a special benefit to such property. Examples of such special assessments would be sewer lines, sidewalks, and street lights.
The definition of a special assessment is probably best stated in the case of City of Boca Raton v. State, 595 So.2d 25 (Fla. 1992). At page 29 of that Opinion, the following language is set forth:
"... A legally imposed special assessment is not a tax. Taxes and special assessments are distinguishable in that, while both are mandatory, there is no requirement that taxes provide any specific benefit to the property; instead, they may be levied throughout the particular taxing unit for the general benefit of residents and property. On the other hand, special assessments must confer a specific benefit upon the land burdened by the assessment ... It is imposed upon the theory that that portion of the community which is required to bear it receives some special or peculiar benefit in the enhancement of value of the property against which it is imposed as a result of the improvement made with the proceeds of the special assessment. It is limited to property benefited, is not governed by uniformity and may be determined legislatively or judicially ... There are two requirements for the imposition of a valid special assessment. First, the property assessed must derive a special benefit from the service provided... Second, the assessment must be fairly and reasonably apportioned among *902 the properties that received the special benefit."
See also Black's Law Dictionary  6th Edition (Special Assessments page 116) and Special Assessments Sec. 15 (48 Fla.Jur.2d 21).
Until the late 1960's special assessments seemed to exclusively encompass improvements as opposed to services. However, in the late 1960's and thereafter cases arose which, without altering the definition of a special assessment, and without further explanation, deemed certain services to be special assessments.[2] This transition seemed to strain the definition and historical meaning of a special assessment. For example, in addition to the language set forth in City of Boca Raton v. State, supra, the following language is contained in St. Lucie County-Ft. Pierce Fire Prevention and Control District v. Higgs, 141 So.2d 744 (Fla. 1962) wherein the Court stated the following at page 746 of it's Opinion:
"To be legal, special assessments must be directly proportionate to the benefits to the property upon which they are levied and this may not be inferred from a situation where all property in a district is assessed for the benefit of the whole on the theory that individual parcels peculiarly benefitted in the ratio that the assessed value of each bears to the total value of all property in the district."
The first issue to address in this cause is that of Fire and Rescue Services (rescue services in this Opinion are synonymous with ambulance services). Even the Plaintiff, Churches, conceded this issue as a "gray area". Churches have two significant obstacles concerning this issue. The first is the existing case law as enumerated in Fire District No. 1 of Polk County v. Jenkins, supra, and South Trail Fire Control District, Sarasota County v. State, supra. Specifically, these cases have recognized fire and related services as valid special assessments. The second obstacle for the Plaintiff, Churches, on this issue is rooted in the history of how many churches have paid for fire and rescue services for the past 20 years or more. They have paid, seemingly without protest, for fire and rescue services via one form or another of special assessment. The recent escalation in the amount of such charges have generated much of the current church protest. However, the issue is propriety of fire and rescue services as a special assessment and not the amount of the charges therefore. Accordingly, the Defendant's Affirmative Defense of estoppel is well taken and indeed applicable to this issue of fire and rescue services.
The remaining issue is that of stormwater management services. Unlike fire and rescue services, the Plaintiff, Churches, never paid for stormwater management services until Sarasota County passed Ordinance No. 89-117... . This Ordinance changed the payment of such services from a tax base, from which churches are exempt, to a special assessment base, from [sic] which churches are compelled to pay. Ironically, vacant land owners paid for stormwater management services when the collection was via a tax but are now exempt from paying under the special assessment format.
Stormwater management services are, without question, both necessary and essential. However, such services [as planned and funded pursuant to Sarasota County Ordinance No. 89-117] benefit the community as a whole and provide no direct benefit, special benefit, increase in market value or proportionate benefit regarding the amount paid by any particular land owner. No evidence was presented of any direct or special benefit to any of the church properties involved in this lawsuit. Accordingly, these stormwater management services do not meet the definition of a special assessment. It is interesting to view Defendant's Exhibit B which confirms *903 stormwater management revenues for fiscal 1991 exceeded expenditures by 50% (e.g., $2,000,000.00).
If services are allowed to routinely become special assessments then potentially the exemption of Churches from taxation will be largely illusory. For example, a review of Plaintiff's ... [evidence] reveal[s] that the significant majority of items presently comprising the ad valorem tax base are services by nature. A domino effect could ensue if special assessments are continually expanded to include generic services... .
Judge John W. Peach, in the Third Judicial Circuit, seemed to draw the proverbial "line in the sand" on this issue in his recent Opinion.[3] The Foxx case dealt with special assessments and the homestead exemption. A pertinent portion of Judge Peach's decision states the following:
"... The charges levied actually provide only a general benefit to the community and property throughout the county as a matter of law as opposed to a special benefit to any particular property and accordingly the charges are not special assessments or assessments for special benefits as that term is used in the Constitution." Page 12
Without this "line in the sand" the tax exempt status for churches will, in all likelihood, disappear.
Based on the foregoing, the Court finds:
1. Plaintiffs have exhausted their administrative remedies so as to enable them to pursue this litigation.
2. Fire and rescue services ... are valid special assessments for which [Plaintiff] churches and other members of the class must pay their proportionate share; and alternatively, the Defendants [sic] estoppel defense is applicable to the fire and rescue issue so that the Plaintiff Churches and other members of the class are estopped from contesting payment for said services.
3. Stormwater management services [as planned and funded by Sarasota County Ordinance No. 89-117] ... are not a valid special assessment and are, in fact, services whose revenues should be raised through the taxation method. As such, the Plaintiff Churches and other members of the Class are exempt from the payment of such services, and further, said Plaintiff Churches and other members of the class are entitled to a refund of all monies paid pursuant to the stormwater management special assessment.
Affirmed.
CAMPBELL, A.C.J., and THREADGILL, J., concur.
SCHOONOVER, J., concurs in result only.
NOTES
[1] Section 3(a) under Article VII of the Constitution of the State of Florida, Florida Statutes Sec. 196.012(1) and Florida Statutes Sec. 196.192(1).
[2] Fire District No. 1 of Polk County v. Jenkins, 221 So.2d 740 (Fla. 1969) and South Trail Fire Control District, Sarasota County v. State, 273 So.2d 380 (Fla. 1973)  With these two cases dealing with fire district services as valid special assessments; and Charlotte County v. Fiske, 350 So.2d 578 (Fla. 2 DCA 1977)  With this case deeming garbage disposal services as a valid special assessment.
[3] Foxx v. Madison County, etc., Case No. 90-161-CA, Third Judicial Circuit in and for Madison County, Florida. This case is presently on appeal. A copy of this Circuit Court Opinion has been filed in the Court file.